# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2185

———————

Everett Eugene Sesler,⁣     *
     *
       Appellant,    *
     *   Appeal from the United States
   v.               *   District Court for the
     *   District of Minnesota.
Percy H. Pitzer, Sued as: Percy    *
Pitzer, Warden, Federal Prison    *
Camp, Duluth, Minnesota,       *
     *
       Appellee.     *

———————

Submitted: February 14, 1997

Filed: April 7, 1997

———————

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

———————

MAGILL, Circuit Judge.

In this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (1994), Everett E. Sesler challenges the Bureau of Prisons' (BOP) decision under 18 U.S.C. § 3621(e)(2)(B) (1994) to deny him a one-year reduction of his sentence. The district court,[1] adopting the report and recommendation of the magistrate judge,[2] denied Sesler's petition for habeas relief. We affirm.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

The facts of this case are not in dispute. On March 11, 1993, Sesler pled guilty to using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (1994). Sesler was sentenced to sixty months of imprisonment followed by three years of supervised release.

While in prison, Sesler completed a BOP drug education program on July 15, 1993. Later, while still in prison, Sesler successfully completed a comprehensive drug abuse program and a forty-hour drug education class on March 3, 1994. In addition, on March 28, 1994, Sesler received a certificate for completing the twelve-month, transitional services, aftercare component of his drug rehabilitation program.

On September 13, 1994, Congress enacted 18 U.S.C. § 3621(e)(2)(B). This section provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). In light of this new provision, Sesler petitioned the BOP to reduce his sentence by one year. His petition was denied by the BOP on the ground that he was not eligible for a sentence reduction under § 3621(e)(2)(B) because he was not convicted of a nonviolent offense.

After exhausting all possible administrative remedies, Sesler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, seeking a reduction of his sentence. He claimed that the BOP's interpretation of § 3621(e)(2)(B) was an arbitrary and capricious decision, an abuse of discretion, and otherwise contrary to law. He also claimed that his rights under the Equal Protection Clause, the Due Process Clause, and the Eighth Amendment had been violated. The district court, adopting the recommendation of the magistrate judge, denied the petition for a writ of habeas corpus.

Sesler appeals the decision of the district court. He argues that the district court erred in refusing to exercise judicial review and that the BOP improperly interpreted § 3621(e)(2)(B). Sesler, however, has not raised his constitutional claims on appeal. After Sesler filed this appeal, he was released from prison and is currently serving his three-year term of supervised release.

**II.**

As a threshold matter, we must consider whether this appeal is moot now that Sesler has been released from prison. See Calderon v. Moore, 116 S. Ct. 2066, 2067 (1996) (per curiam). Sesler's appeal is not moot because, if Sesler's term of imprisonment had been reduced by one year, his supervised release would have commenced one year earlier. As a result, if successful here on appeal, Sesler will be entitled to a one-year reduction of his term of supervised release. See Mabry v. Johnson, 467 U.S. 504, 507 n.3 (1984) ("This [28 U.S.C. § 2254] case is not moot despite the fact that respondent has been paroled. Respondent remains in the 'custody' of the State, and whether respondent must serve the sentence now under attack consecutively to his prior sentences will affect the date at which his parole will expire under state law.")

(citations omitted)); <u>McClain v. Bureau of Prisons</u>, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam) (Considering a 28 U.S.C. § 2241 action to determine whether the district court erroneously denied a prisoner credit on his federal sentence for time incarcerated, the court held: "Petitioner has been released from federal custody.  However, his supervised release dates are affected by the erroneous computation.  Thus, his claim is not moot."); <u>Fraley v. United States Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam) (Considering a 28 U.S.C. § 2241 action in which the prisoner sought credit for time served under house arrest, the court held: "While this appeal was pending, Fraley completed her term of imprisonment and was released.  However, because our decision could affect her two-year term of supervised release, this case is not moot.").

## III.

Sesler argues that the offense of which he was convicted, use of a firearm during and in relation to a drug trafficking crime, is a "nonviolent offense" within the meaning of 18 U.S.C. § 3621(e)(2)(B), and as a result, he is eligible for a one-year sentence reduction under § 3621(e)(2)(B).  We disagree.

Under the plain language of § 3621(e)(2)(B), only a prisoner convicted of a nonviolent offense is eligible for the § 3621(e)(2)(B) one-year sentence reduction.  Congress, however, has not defined the term nonviolent offense.  The BOP therefore formulated 28 C.F.R. § 550.58 (1996), which denies eligibility for a § 3621(e)(2)(B) sentence reduction to "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3) . . . . ."  28 C.F.R. § 550.58.  Section 924(c)(3), in turn, defines a crime of violence as:

an offense that is a felony and--

      (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

      (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (1994). In order to promote uniform administration, the BOP has also issued a Program Statement which specifically defines § 924(c)(1) violations as crimes of violence in all cases. <u>See</u> BOP Program Statement 5162.02 <u>Definition of Term, "Crime of Violence"</u> at § 7(a) (July 24, 1995), <u>reprinted in</u> Jt. App. at 48. As a result, because Sesler was convicted of a § 924(c)(1) offense, he was automatically disqualified from being eligible for the § 3621(e)(2)(B) sentence reduction.

For Sesler to have been convicted under § 924(c)(1), there must have been sufficient evidence to show that he actively employed a firearm in such a way that the firearm was "an operative factor in relation to the predicate [drug trafficking] offense." <u>Bailey v. United States</u>, 116 S. Ct. 501, 505 (1995). Active employment "includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." <u>Id.</u> at 508. Given the elements necessary for a § 924(c)(1) conviction, we agree with the BOP's conclusion that a § 924(c)(1) offense is clearly not a nonviolent offense within the meaning of § 3621(e)(2)(B).

Furthermore, both § 3621(e)(2)(B) and 42 U.S.C. § 3796ii-2 (1994) were enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796. Consequently, it is reasonable to construe terms common to both

§ 3796ii-2 and § 3621(e)(2)(B) to have the same meaning. See Gozlon-Peretz v. United States, 498 U.S. 395, 407-08 (1991) ("It is not uncommon to refer to other, related legislative enactments when interpreting specialized statutory terms," since Congress is presumed to have "legislated with reference to" those terms.); see also Reno v. Koray, 115 S. Ct. 2021, 2025 (1995) (construing language of 18 U.S.C. § 3585(b) in conjunction with the Bail Reform Act of 1984 because § 3585 and the Bail Reform Act deal with the same subject matter).

In § 3796ii-2, though it has since been repealed,[3] Congress defined the term "violent offender" as "a person who is charged with or convicted of an offense, during the course of which offense or conduct the person carried, possessed, or used a firearm or dangerous weapon . . . ." 42 U.S.C. § 3796ii-2 (emphasis added). Therefore, because Sesler was convicted of using a firearm during and in relation to a drug trafficking offense, he would be a violent offender for purposes of § 3796ii-2. Hence, for purposes of § 3796ii-2, Sesler was not convicted of a nonviolent offense. Thus, § 3796ii-2 lends further support to the conclusion that, under § 3621(e)(2)(B), the term nonviolent offense does not include § 924(c)(1) violations.[4]

---

[3]See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 20112, 110 Stat. 1321.

[4]The government also argues that there is clear and convincing evidence that Congress has foreclosed judicial review of the BOP's interpretation of § 3621(e)(2)(B). See Abbott Lab. v. Gardner, 387 U.S. 136, 141 (1967) ("[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review."). In support of this argument, the government points to 18 U.S.C. § 3625 (1994), which provides: "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [the subchapter in which § 3621 is found]." 18 U.S.C. § 3625. The government argues that, by calling off these provisions of the Administrative Procedure Act, Congress has clearly expressed its intention of foreclosing judicial review.

According to the government, although this Court retains limited jurisdiction to determine whether the BOP's actions

For the foregoing reasons, we affirm the decision of the district court.

BEAM, Circuit Judge, concurring in the opinion of the court, except for Part II, and concurring in the result.

A true copy.

　　　　Attest:

　　　　　　　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

exceeded the agency's statutory authority or violated the Constitution, cf. <u>Wajda v. United States</u>, 64 F.3d 385, 388 (8th Cir. 1995) (holding that federal courts retain jurisdiction to determine whether the United States Parole Commission exceeded its statutory authority or violated the Constitution notwithstanding the federal courts' lack of jurisdiction to review substantive decisions), the BOP's decision to deny Sesler a one-year reduction of his sentence is unreviewable. Only because we agree with the BOP's conclusion that prisoners convicted of § 924(c)(1) offenses are clearly ineligible for § 3621(e)(2)(B) sentence reductions do we not reach this issue. <u>See</u> <u>Secretary of the Navy v. Avrech</u>, 418 U.S. 676, 677-78 (1974) (per curiam) ("Assuming, <u>arguendo</u>, that the District Court had jurisdiction under the circumstances of this case to review the decision of the court-martial, our decision in <u>Parker v. Levy</u>, 417 U.S. 733 (1974), would require reversal of the Court of Appeals' decision on the merits of appellee's constitutional challenge to Art. 134. We believe that even the most diligent and zealous advocate could find his ardor somewhat dampened in arguing a jurisdictional issue where the decision on the merits is thus foreordained. We accordingly leave to a future case the resolution of the jurisdictional issue . . . .").

-7-