**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40205

(Summary Calendar)
_____


ROBERT BRUCE PARTON,

Petitioner - Appellant,

versus

NEWMAN LEE CONNER, Warden,

Respondent - Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(5:96-CV-287)

November 5, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART Circuit Judges.

PER CURIAM:[*]

Robert Bruce Parton appeals the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed Parton's petition without prejudice to allow him to exhaust his administrative remedies. We affirm.

I

While executing a search warrant, police officers seized drugs and drug manufacturing paraphernalia from Parton's home. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

addition, police discovered a semi-automatic pistol on top of a television in the room where Parton was found. Parton pleaded guilty to interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952 and to using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a term of thirty months' imprisonment on the section 1952 count and to a consecutive term of sixty months' imprisonment on the section 924(c) count.

While incarcerated, Parton completed a 500-hour comprehensive drug treatment program. He then contacted Carl Gaconco, the head of the prison's residential drug abuse program and requested that he be considered for a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the Bureau of Prisons ("BOP") may reduce, by up to one year, the sentence of a prisoner who has been "convicted of a nonviolent offense" if the prisoner has successfully completed an approved drug education program.

The statute does not define the phrase "nonviolent offense." However, 28 C.F.R. § 550.8 states that the sentence reduction in section 3621 is unavailable to an inmate whose "offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)." Section 924(c)(3) defines a crime of violence as

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The BOP promulgated Program Statement 5162.02 to guide case managers in the application of section 3621(e)(2)(B) to specific cases.  Section 7 of the statement sets forth criminal offenses that are "crimes of violence in all cases," listing them by statute and providing a brief parenthetical description.  If the prisoner's offense matches one of the offenses listed, then the BOP will automatically categorize it as a crime of violence without further inquiry.  One of these inherently violent offenses is listed as "Title 18 of the United States Code . . . § 924(c) (firearms used in violent or drug trafficking crimes)."  Section 10 of the same program statement, however, provides that offenses under 18 U.S.C. § 924, described as "penalties for firearms violations," are offenses "that may be violent depending on a variety of factors."[1]

Gaconco deemed Parton ineligible for early release consideration because Parton's conviction was classified as a crime of violence in all cases under section 7 of the program statement. Pursuant to administrative policy, Parton made an informal resolution attempt, repeating his request and arguing that section 10 of the program statement directed case managers to carefully examine the particular facts of his section 924(c) conviction. Parton included copies of transcripts from his original trial in which the trial judge specifically concluded that Parton's

---

[1]    Congress criminalized two, distinct types of conduct under section 924(c)(1): use of a firearm and carrying a firearm during and in relation to a drug trafficking offense.  *See Bailey v. United States*, ___ U.S. ___, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995).  Section 7 of the program statement references only the "use" prong in the parenthetical description.

particular section 924(c) conviction was not a crime of violence. The BOP again denied Parton relief because he had been convicted of "use and carried [sic] a firearm during a drug trafficking crime" under section 924(c) and that, "according to the operation memorandum," he was ineligible for the early release program. Parton appealed to the warden and then to the BOP's regional and national counsels, who denied Parton's request for early release on the same ground.

Parton then petitioned for a writ of habeas corpus in district court, challenging the BOP's interpretation of "nonviolent offense" in section 3621(e)(2)(B). The district court, while finding Parton's argument for relief "compelling," nonetheless dismissed his petition without prejudice to enable Parton to exhaust his administrative remedies with respect to the distinction between the "use" and "carry" prongs in section 924(c). Parton timely appealed.

II

Parton argues on appeal that he has already exhausted his administrative remedies and that additional review would be futile since the BOP mechanically applies section 7 of the program statement to exclude all section 924(c)(1) offenses regardless of the specific facts of the case. A prisoner challenging a decision of the BOP must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "'Exceptions to the exhaustion requirement are appropriate where the available

administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where attempt to exhaust such remedies would itself be a patently futile course of action.'" *Id.* (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Exceptions to the exhaustion requirement are reserved for extraordinary circumstances, and Parton has the burden of demonstrating the futility of further review. *Id.* We review the district court's dismissal of Parton's petition for abuse of discretion. *Id.*

Although the record establishes that Parton sought relief at every possible level of appeal within the BOP, the district court nonetheless dismissed Parton's petition in order to allow him to exhaust his remedies with respect to the distinction between "use" and "carry" under section 924(c)(1) in light of the intervening Supreme Court decision in *Bailey v. United States*, ___ U.S. ___, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). The district court noted that section 7 of the program statement, listing offenses that are violent in all cases, refers only to offenses involving the "use" of a firearm during a drug trafficking offense, without reference to the "carry" prong of the statute. Parton pleaded guilty to an indictment charging him with both using and carrying a firearm in violation of section 924(c)(1). After the BOP denied Parton's request for early release, however, the Supreme Court significantly narrowed the applicability of the "use" prong of § 924(c). *Id.*, 116 S. Ct. at 508. The Court held that to demonstrate "use," the government must show that the defendant actively employed the

firearm during and in relation to the drug trafficking offense. Active employment "includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm," but not mere possession or proximity to drugs or drug proceeds. *Id.*

Because of this "active employment" requirement in *Bailey*, a conviction under the "use" prong certainly satisfies the definition in section 924(c)(3)(A) of "crime of violence" because an element of the offense is "the use, attempted use, or threatened use of physical force against the person or property of another." Therefore, it is not unreasonable for the BOP to conclude that a prisoner convicted under the "use" prong is automatically ineligible for release under section 3621(e)(2)(B).[2] *Sesler v. Pitzer*, 110 F.3d 569, 571 (8th Cir.), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Jul. 7, 1997) (No. 97-5126). Moreover, the BOP may properly deny inmates eligibility for early release on the

---

[2]    Because Congress was silent concerning the proper definition of "nonviolent offense," the BOP, as the agency charged with administering the early release program, has broad discretion to adopt any reasonable interpretation of the term. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984) ("If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. . . . [A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."). Of course, interpretations found only in BOP program statements are entitled to less deference than published regulations because they are not promulgated subject to the rigors of notice and comment rulemaking under the Administrative Procedure Act. *Reno v. Koray*, 515 U.S. 50, ___, 115 S. Ct. 2021, 2027, 132 L. Ed. 2d 46 (1995); *see also Roussos v. Menifee*, ___ F.3d ___, 1997 WL 401319, *5 (3d Cir. July 18, 1997); *Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir. 1996). However, if the BOP's interpretation of the statute is reasonable and does not conflict with the language of section 3621(e)(2)(B) or section 923(c)(3), federal courts may not simply second-guess that interpretation. *See Roussos*, 1997 WL 401319 at *5.

basis of "use" convictions without individualized consideration. *See Jacks v. Crabtree*, 114 F.3d 983, 985-86 (5th Cir. 1997) (citing "well-established principle of administrative law that an agency to whom Congress grants discretion may elect between rulemaking and ad hoc adjudication" in support of conclusion that BOP may categorically deny eligibility for early release pursuant to reasonable rule of general applicability).

However, it is less clear that the BOP may properly classify the offense of "carrying" a firearm during and in relation to a drug trafficking crime as a violent offense. *Compare Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997) (holding that mere possession of firearm during commission of drug trafficking offense cannot be violent crime for purposes of section 3621(e)(2)(B)), *with Sesler*, 110 F.3d at 572 (citing language of now-repealed 42 U.S.C. § 3796ii-2, passed as part of the same act of Congress as 18 U.S.C. § 3621(e)(2)(B), which defined "violent offender" as one who "carried, possessed, or used a firearm or dangerous weapon" during commission of offense). This is an issue of first impression in this circuit.

We find that the district court was correct in determining that judicial review of the BOP's interpretation of "nonviolent offense" in the policy statement is premature. In order to qualify for relief under 28 U.S.C. § 2241, Parton must point to a violation of the Constitution, laws, or treaties of the United States. Parton alleges that the program statement violates federal law by classifying all section 924(c) offenses as violent offenses. On

its face, however, the program statement categorically denies early release only to those prisoners who actively "use" a firearm during and in relation to a drug trafficking offense. As such, the program statement does not violate federal law as written.

Nor is it clear that the BOP's program statement violates federal law as applied to Parton's conviction. It appears from the record that the facts to which Parton stipulated pursuant to his guilty plea do not support a "use" conviction post-*Bailey*. *United States v. William Carter*, ___ F.3d ___, 1997 WL 374754 (5th Cir. July 8, 1997) ("A court cannot accept a guilty plea unless there is a sufficient factual basis for the plea."); *United States v. Hall*, 110 F.3d 1155, 1160-61 (5th Cir. 1997) (vacating conviction based on guilty plea where facts would not support conviction for "use" where weapon found on floor in same room as defendant).[3] Parton, however, did not address the distinction between the "use" and "carry" prongs of section 924(c)(1) before the BOP. Therefore, the BOP has not had the opportunity to consider the proper post-*Bailey* application of the program statement to the facts of Parton's conviction, nor do we know whether the BOP addresses "carry" under

---

[3] The record on appeal does not indicate whether Parton has filed a 28 U.S.C. § 2255 petition in the Northern District of Texas, the district of his conviction, to vacate his conviction under section 924(c)(1). Parton does not attack the validity of his sentence in the instant appeal, nor would such a claim be cognizable in a § 2241 habeas petition. A § 2255 petition filed in the district court of conviction is the proper vehicle for collaterally attacking errors in the conviction and sentence, while a § 2241 petition filed in the district in which the petitioner is held in custody is the proper vehicle for attacking the manner in which an otherwise valid sentence is executed. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). A § 2255 petition may be the more appropriate avenue for relief under the facts of Parton's case.

-8-

section 7 or section 10 of the program statement.[4]  Because administrative relief may be available to Parton, we cannot say that the district court abused its discretion in dismissing Parton's appeal without prejudice.

## III

For the foregoing reasons, we AFFIRM the dismissal of Parton's petition without prejudice, and deny Parton's motion for bail pending appeal.

---

[4]  Of course, because Parton has not challenged the validity of his conviction post-*Bailey*, he remains convicted under the "use" prong of section 924(c)(1).  By noting the possible deficiencies in Parton's conviction, we do not imply that the BOP *must* look beyond the mere fact of conviction, only that, given intervening Supreme Court precedent, it should be afforded the opportunity to do so.