United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2232SD
_____

Larry W. Martin,                                   *
                                                   *
              Appellant,                           *
                                                   *
       v.                                          *
                                                   *
Susan Gerlinski,                                   *
                                                   *
              Appellee.                            *


_____                          Appeals from the United States
                                       District Courts for the Districts
No. 97-2683MN                          of South Dakota and Minnesota
_____

Jeffrey Allan Braun,                               *
                                                   *
              Appellant,                           *
                                                   *
       v.                                          *
                                                   *
Bureau of Prisons; James W. Tippy,                 *
Warden,                                            *
                                                   *
              Appellees.                           *

_____

No. 97-2686MN
_____

Jerry Luther,     *
            *
        Appellant,     *
            *
     v.     *
            *
Phillip Wise, Warden; Bureau of     *
Prisons, sued as Federal Bureau of     *
Prisons,     *
            *
        Appellees.     *


_____

No. 97-2934SD
_____

Landon R. Barton,     *
            *
        Appellant,     *
            *
     v.     *
            *
Susan Gerlinski, Warden,     *
            *
        Appellee.     *

_____

No. 97-3474SD
_____

Anthony J. Gibbons,                                      *
                                                         *
                    Appellant,                           *
                                                         *
         v.                                              *
                                                         *
Susan Gerlinski, Warden,                                 *
                                                         *
                    Appellee.                            *
                                      _____

                              Submitted:  December 11, 1997
                                   Filed:  January 13, 1998
                                      _____

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.
                                      _____

McMILLIAN, Circuit Judge.

        In these consolidated appeals, federal prisoners Larry W. Martin,
Landon R. Barton, and Anthony J. Gibbons each appeals from a final order of
the United States District Court for the District of South Dakota, and Jerry
Luther and Jeffrey Allan Braun each appeals from a final order of the United
States District Court for the District of Minnesota, denying their 28 U.S.C.
§ 2241 petitions for writs of habeas corpus.  On December 19, we issued an
order reversing the district courts' denials of the habeas petitions, with
the stated reasons therefore to follow.  Martin v. Gerlinski, No. 97-2232
(8th Cir. Dec. 19, 1997).  We now set forth our reasons for reversing the
district courts' orders.

                                      -3-

## I. Background

Jerry Luther was convicted of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and was sentenced to 94 months imprisonment. Larry W. Martin received a 60-month sentence for conspiring to distribute and possess with intent to distribute marijuana and cocaine. Landon R. Barton pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 63 months imprisonment. Jeffrey Allan Braun pleaded guilty to conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was sentenced to 60 months imprisonment. Anthony J. Gibbons pleaded guilty to conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a), and was sentenced to 54 months imprisonment. At sentencing, each appellant received a 2-level increase to his offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997) for possessing a dangerous weapon.

Appellants were either accepted into or placed on the waiting list for participation in a residential drug abuse treatment program, and were notified by the Bureau of Prisons (BOP) that, even after their completion of the program, they would not qualify for early release under 18 U.S.C. § 3621(e)(2)(B) (BOP may reduce sentence by one year of prisoners convicted of nonviolent offenses after they successfully complete treatment program). Relying on Section 9 of its Program Statement 5162.02, the BOP concluded appellants were not eligible because possession of a weapon while committing the drug offenses created a substantial risk that force may have been used against the person or property of another, and thus, because of the sentence enhancements, the BOP classified their offenses as "crimes of violence." After exhausting their administrative remedies, appellants each filed a 28 U.S.C. § 2241 habeas corpus petition, arguing that the drug offenses were not crimes of violence and that the BOP exceeded its statutory authority in its definition of what

constitutes a "nonviolent offense." Martin further claimed that the denial of the one-year reduction in his sentence, access to community programs, and good time credits violated his rights to due process and equal protection, and that he had suffered collateral harm as a result of the BOP's designation of his offense as a crime of violence. Barton also claimed a denial of his rights to due process and equal protection.

The district court dismissed Luther's petition, concluding that the BOP's decision that appellants did not qualify for early release was unreviewable as an administrative action committed to agency discretion. Luther v. Wise, No. 97-17 (D. Minn. Apr. 28, 1997). As for Martin's petition, the district court concluded that the BOP acted within its discretion to administer the residential drug treatment program. The district court rejected the due process and equal protection claims. Martin v. Gerlinski, No. 96-4266 (D.S.D. Mar. 27, 1997). The district courts in the remaining cases dismissed the petitions for substantially identical reasons. Barton v. Gerlinski, No. 97-4039 (D.S.D. June 12, 1997); Gibbons v. Gerlinski, No. 97-4150 (D.S.D. Aug. 12, 1997); Braun v. Bureau of Prisons, No. 4-96-327 (D. Minn. June 2, 1997).

## II.  Discussion

Section 32001 of the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), codified at 18 U.S.C. § 3621(e)(2)(B), provides:

> **Period of custody.**--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

The question presented here concerns the construction of the phrase "convicted of a nonviolent offense." Congress did not define the term. In its promulgated regulations,

the BOP defined the meaning of a "nonviolent offense" in the converse, by referencing the term "crime of violence" as used in the criminal code:

> [A]n inmate . . . who completes a residential drug abuse treatment program . . . during his or her current commitment may be eligible . . . for early release by a period not to exceed 12 months. The following categories of inmates are not eligible: . . . inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. [§] 924(c)(3).

28 C.F.R. § 550.58 (1997) (as amended).

> According to 18 U.S.C. § 924(c)(3), the term "crime of violence" is defined as:
>
> an offense that is a felony and --
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To further interpret the term "crime of violence," the BOP issued Program Statement 5162.02 (July 24, 1995), which contains an exhaustive list of criminal offenses it has found to be crimes of violence. Section 9 provides that one category of criminal offenses may be crimes of violence depending on the specific offense characteristic assigned. Where, at the time of sentence, the district court makes a finding that the offense involved violence, and this finding is reflected in the section of the presentence investigation report entitled, "Specific Offense Characteristics," that conviction is considered a "crime of violence." Section 9 cites as an example a defendant who has been convicted of manufacturing drugs and receives a 2-level enhancement for possession of a firearm. It is on the basis of this section of Program Statement 5192.02 that the BOP categorically declared appellants ineligible for the sentence reduction.

**Reviewability.** Contrary to the district court in <u>Luther v. Wise</u>, we conclude that the question of the BOP's authority to include sentencing factors in its definition is reviewable, and is not precluded by 18 U.S.C. § 3625.[1] Section 3625 provides that "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [section 3621-3526]." Absent from § 3625 is an exclusion of the rulemaking provisions of the Administrative Procedure Act under 5 U.S.C. § 553. Accordingly, it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions.

Further, whether the Program Statement is a legislative rule or an interpretive rule, § 3625 does not divest this court of jurisdiction to review whether the BOP exceeded its statutory authority by categorically considering sentencing enhancement factors, even though the court may not review the BOP's discretionary decision to deny a sentencing reduction. Cf. <u>Wajda v. United States</u>, 64 F.3d 385, 388 (8th Cir. 1995) (court retains jurisdiction to determine whether Parole Commission exceeded statutory authority notwithstanding lack of jurisdiction to review substantive decision).

We conclude Section 9 of the Program Statement constitutes a legislative rather than an interpretive rule, because it does not merely "explain" what is a "crime of violence" within the parameters of the meaning of the offense itself or by way of the definition accorded it under the regulation; it expands the scope of the conduct under consideration, thus extending the reach of the regulation. See <u>Northwest Nat'l Bank v. United States Dep't of the Treasury</u>, 917 F.2d 1111, 1117 (8th Cir. 1990) (comparing interpretive rules which "'remind' affected parties of existing duties" and legislative rules which "create new law or impose new rights or duties" (quoted case omitted)); <u>Wiggins v. Wise</u>, 951 F. Supp. 614, 619-20 (S.D. W. Va. 1996) (BOP's

---

[1] We left open this question in <u>Sesler v. Pitzer</u>, 110 F.3d 569, 572 n.5 (8th Cir.), <u>cert. denied</u>, 118 S. Ct. 197 (1997).

Program Statement 5162.02 is a legislative rule because it "does not involve the application of a regulation to a particular set of facts, but, rather, seeks to establish guidelines applicable to a wide range of situations").

We further conclude the BOP exceeded its statutory authority because its interpretation of § 3621(e)(2)(B) is in conflict with the plain language of the statute, and thus no deference is due. See Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 171 (1989). We believe the operative word in § 3621(e)(2)(B) is "convicted," thus requiring the BOP to look to the offense of conviction itself to determine whether it meets the definition of a "nonviolent offense"; § 3621 does not address sentencing or sentencing-enhancement factors. Here, appellants' convictions were for drug trafficking offenses, which are not crimes of violence. Because the BOP has defined a nonviolent offense as an offense that is not a "crime of violence" under § 924(c)(3), and neither the elements nor the nature of the offense under §§ 841(b) or 846 meet that definition, we conclude the BOP's interpretation in Section 9 of the Program Statement is in conflict with the plain language of the statute. Thus, the inclusion of sentencing enhancement factors in the determination of what is a "nonviolent offense" is not a permissible interpretation of the statute.

We note that two of the three circuit courts that have addressed this issue agree. See Roussos v. Menifee, 122 F.3d 159, 161-64 (3d Cir. 1997); Downey v. Crabtree, 100 F.3d 662, 668-70 (9th Cir. 1996). In Venegas v. Henman, 126 F.3d 760, 763-65 (5th Cir. 1997), the Fifth Circuit reached a contrary result. Addressing the BOP's classification of convictions for violations of both 18 U.S.C. § 922(g) (felon in possession of a firearm) and 21 U.S.C. § 841(b)(1) (drug possession with intent to distribute), the Fifth Circuit concluded that the reference to "a nonviolent offense" in § 3621(e)(2)(B) merely excludes all inherently violent offenses from eligibility, while leaving to the BOP the discretion to determine which offenses will be eligible for consideration, and thus the operative language is "may be reduced by the [BOP]." See Venegas v. Henman, 126 F.3d at 763. Although we agree that the BOP has discretion

to determine which offenses will be eligible for consideration, we cannot agree that the BOP may disregard the plain language of the statute which speaks only to those "convicted" of a nonviolent offense.

We also note that our opinion in Sesler v. Pitzer, 110 F.3d 569, 571-72 (8th Cir.) (Sesler), cert. denied, 118 S. Ct. 197 (1997), does not conflict with our holding in this case. In Sesler, we addressed whether a conviction for use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), was a "nonviolent offense" within the meaning of Section 7 of the BOP's Program Statement; we concluded that, given the elements necessary to prove a § 924(c)(1) conviction, that offense was clearly not a nonviolent offense. Id.

The Sesler court, as well as the district court in Barton and Martin, also looked for support to the Congressional enactment of 42 U.S.C. § 3796ii-2. This section, promulgated in connection with the establishment of grant programs to support drug courts, was enacted as part of the VCCLEA at the same time as § 3621(e)(2)(B), and defined "violent offender" as a "person who is charged with or convicted of an offense, during the course of which offense or conduct the person carried, possessed, or used a firearm or dangerous weapon." The enactment of § 3796ii-2 is not dispositive of whether the BOP can use sentencing enhancements to deny eligibility under § 3621(e)(2)(B). First and foremost, § 3796ii-2 has since been repealed by Congress. See Pub. L. No. 104-134, § 20112, 110 Stat. 1321 (1996). Second, this section concerns the definition of a "violent offender," and not the "offense of conviction," the relevant words in § 3621. Third, as discussed in Davis v. Crabtree, 109 F.3d 566, 569-70 (9th Cir. 1997), § 3796ii-2 appeared in the Public Health and Welfare Title, rather than the Criminal Code, and related to who could appear in certain new drug courts, rather than to types of offenses; thus, § 3796ii-2 served a different function than the statute at issue here. Finally, Sesler referred to § 3796ii-2 only for further support that a § 924(c) conviction--a crime categorized as a crime of violence--was not a nonviolent offense under § 3621. See Sesler v. Pitzer, 110 F.3d at 572.

The district court in <u>Barton</u> and <u>Martin</u> also attempted to distinguish those cases utilizing a categorical approach to defining what is a crime of violence under §§ 924(c)(3) and 924(e). <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 600-02 (1990); <u>United States v. Moore</u>, 38 F.3d 977, 979 (8th Cir. 1994) (in determining whether crime is a crime of violence under § 924(c), court must examine elements that compose crime and not explore underlying facts). The district court concluded that the cases determining whether an offense is a crime of violence under § 924(c)(3) in a criminal or sentencing context are not applicable when making the same determination in the context of a remedial post-sentencing early release statute, because of the different policy considerations involved. We disagree. Having adopted § 924(c)(3) as its definitional standard in its regulation, the BOP is bound by the definition accorded it in the interpretive decisional case law.

**Due Process and Equal Protection.** Based upon our resolution of the claim that the BOP exceeded its statutory authority, we need not address appellants' due process and equal protection claims.

In sum, because the BOP regulation (28 C.F.R. § 550.58) and § 3621(e)(2)(B) concern the offense of conviction, we follow the Third and Ninth Circuits, and conclude that the Program Statement's allowance of consideration of factors that are not part of the offense of conviction is in conflict with the plain language of the statute, and that the BOP may not rely on the sentencing enhancement to deny eligibility for the sentence reduction.

Accordingly, we reverse the denial of habeas relief. Because the Bureau of Prisons has the discretion to grant early release, we remand these cases to the district court with instructions to promptly refer the cases to the Bureau of Prisons for consideration in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.