**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS C. CRAWFORD,

      Petitioner-Appellant,

v.

J.W. BOOKER, JR.,

      Respondent-Appellee.

No. 99-3121
(D.C. No. 98-3141-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Thomas C. Crawford appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition.[1] Because the appeal is moot we lack jurisdiction to consider the merits of his petition and dismiss.

As a threshold matter, we must determine whether we have jurisdiction to consider Mr. Crawford's appeal. See United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "Article III of the United States Constitution only extends federal judicial power to cases or controversies." Id. (citing U.S. Const. Art. III, § 2, cl. 1). "An appellant seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the [appellee] and likely to be redressed by a favorable judicial decision [by the appeals court].'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (alterations in Meyers)). The power to grant a writ of habeas corpus under § 2241 is dependent on the prisoner being in "custody." 28 U.S.C. § 2241(c); see also Meyers, 200 F.3d at 718 (explaining that "ongoing incarceration constitutes an injury from which the defendant seeks relief in satisfaction of Article III").

Mr. Crawford was released from custody shortly before this appeal. Despite his release, however, Mr. Crawford's petition is not moot if he is able to

---

[1] Because he is a federal prisoner proceeding under § 2241, Mr. Crawford does not have to obtain a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000).

demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement." Spencer v. Kemna, 523 U.S. 1, 14 (1998). Because Mr. Crawford's habeas petition attacks the execution of his sentence, rather than the underlying criminal conviction, collateral consequences are generally not presumed. See id. at 12-14 (considering challenge to parole revocation, refusing to presume collateral consequences, and finding none).

Mr. Crawford argues that his appeal is not moot since he is presently serving a three-year term of supervised release, which he asserts could be reduced to reflect an earlier prison release date. In support, he cites two cases, Sesler v. Pitzer, 110 F.3d 569 (8th Cir. 1997), and Aycox v. Lytle, 196 F.3d 1174 (10th Cir. 1999). In Sesler, the Eight Circuit found the § 2241 appeal was not moot "because, if Sesler's term of imprisonment had been reduced by one year, his supervised release would have commenced one year earlier." Sesler, 110 F.3d at 571. In Aycox, this court addressed a § 2254 habeas petition in which the petitioner had been released from custody on his New Mexico state sentence, but was still serving concurrent two year terms of probation and parole. See Aycox, 196 F.3d at 1176-77 n.2. This court found that Aycox's appeal was not moot because his period of parole could be affected by a decreased sentence. See id. In light of the Supreme Court's recent decision in United States v. Johnson, 120 S. Ct. 1114 (2000), however, neither Sesler nor Aycox control our decision.

In Johnson , the Court considered whether a term of supervised release can be decreased to reflect the excess amount of time spent in prison on a sentence, an issue on which the circuits had split.    Johnson was serving a sentence for a number of felony convictions when two of his convictions were vacated.  He was released from prison, but had already served more prison time than warranted under his amended sentence.  He then sought to reduce his period of supervised release to correspond with the excess prison time served.  Interpreting 18 U.S.C. § 3624(e), the controlling statute, the Court concluded that "[t]he statute, by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison."    Johnson , 120 S. Ct. at 1119;   see also § 3624(e) (stating in relevant part that "[t]he term of supervised release commences on the day the person is released from imprisonment" and "[a] term of supervised release does not run during any period in which the person is imprisoned . . .  unless the imprisonment is for a period of less than 30 consecutive days").  In addition to examining the language of the statute, the Court considered the rationale underlying supervised release.    See Johnson , 120 S. Ct. at 1118 (explaining that "Congress intended supervised release to assist individuals in their transition to community life" and that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration").

Based on Johnson , even if Mr. Crawford's legal argument was successful, this court could not shorten the length of his supervised release term. See Aragon v. Shanks , 144 F.3d 690, 692 (10th Cir.) (explaining in context of § 2254 petition that, because the petitioner's incarceration was completed, the case was "moot unless a favorable decision from this court would shorten the period of his probation") (footnote omitted), cert. denied , 119 S. Ct. 518 (1998). In addition, Mr. Crawford has not come forward with any other collateral consequences to defeat mootness. Accordingly, this court lacks jurisdiction over his appeal.

For the foregoing reasons, the appeal is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge