United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4224
_____

| | | |
|---|---|---|
| Ray D. Love, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James W. Tippy, Warden; | * | |
| FCI Waseca, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: October 20, 1997
Filed: January 8, 1998
_____

Before McMILLIAN, LAY, and BEAM, Circuit Judges.
_____

LAY, Circuit Judge.

Ray D. Love ("Love") filed this habeas corpus action to challenge the Bureau of Prisons' ("BOP") decision to deny him a sentence reduction under 18 U.S.C. §3621(e)(2)(B).[1]

_____

[1]The statute provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (1994).

## Facts and Procedural Background

Love is a federal prisoner serving time for conspiring to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).[2]  Love was convicted in 1990, and he received consecutive sentences of sixty-three months for the drug offense and sixty months for the firearm offense.  Love's firearm conviction under § 924(c) is based on Love's carrying of a .22 caliber handgun during and in relation to a drug trafficking crime.  Love did not brandish the weapon during the transaction.

While in prison, Love successfully completed a designated drug treatment program, and he applied for a one-year reduction of his sentence pursuant to § 3261(e)(2)(B).   The BOP denied Love's application for a sentence reduction after concluding a § 924(c) conviction is not a conviction for a "nonviolent offense."

In reaching its decision, the BOP relied, in part, upon its own rule set forth in 28 C.F.R. § 550.58.  The version of this rule in effect at the time of Love's application stated:

---

[2]Section 924(c)(1) states in relevant part:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years [ ]. . . .

18 U.S.C. § 924(c)(1) (1994).

An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, in accordance with paragraph (a) of this section . . . unless the inmate's current offense is determined to be a <u>crime of violence</u> as defined in 18 U.S.C. 924(c)(3). . . .

28 C.F.R. § 550.58 (1995) (emphasis added). Congress has defined "crime of violence" in section 924(c)(3) as follows:

For purposes of this subsection the term "<u>crime of violence</u>" means an offense that is a felony and [ ] (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, <u>or</u> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added).[3]

After exhausting his administrative remedies, Love filed a Petition for Writ of Habeas Corpus in the United States District Court pursuant to 28 U.S.C. § 2241. The district court[4] adopted the magistrate judge's[5] report and recommendation in its

---

[3]The BOP also relied upon two of its internal program statements. BOP Program Statement 5330.10 provides that an inmate whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3) is not eligible for early release consideration under § 3621(e)(2)(B). BOP Program Statement 5162.02 ("P.S. 5162.02") states that for purposes of determining an inmate's eligibility for a reduced sentence under § 3621(e)(2)(B), violations of § 924(c) will be considered crimes of violence in all cases.

[4]Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[5]Honorable Franklin L. Noel, Chief Magistrate Judge for the District of Minnesota.

entirety, and denied Love's petition. Love v. Tippy, Civ. No. 3-95-1034 (D. Minn. Nov. 25, 1996) (order denying application for writ of habeas corpus). The district court concluded that because Congress was silent on the meaning of "nonviolent offense" within 18 U.S.C. § 3621(e)(2)(B), the BOP properly promulgated regulations interpreting the phrase, and its interpretation does not contradict congressional intent. Id. Love appeals.

## BOP Interpretation of 18 U.S.C. § 3621(e)(2)(B)

The BOP determined the term "nonviolent offense" as used in § 3621(e)(2)(B) does not include offenses that are "crimes of violence" as defined in § 924(c)(3). Love argues the BOP exceeded its statutory authority when it made this determination.[6]

---

[6]Love also argues that P.S. 5162.02, an internal agency interpretation of § 550.58, is inconsistent with § 550.58. While § 550.58 defines ineligibility for a § 3621(e)(2)(B) sentence reduction by the term "crime of violence as defined by 18 U.S.C. § 924(c)(3)," P.S. 5162.02 defines "crime of violence" to include all offenses under § 924(c). "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Stinson v. United States, 508 U.S. 36, 45 (1993) (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

We do not find P.S. 5162.02 to be inconsistent with § 550.58. P.S. 5162.02 further defines the term "crime of violence" as that term is used in § 924(c)(3). Given the definition of crimes of violence in § 924(c)(3)(B), it seems reasonable to label all § 924(c) offenses as "crimes of violence."

Love also argues the BOP's action of denying him a sentence reduction is inconsistent with the BOP policies set forth in P.S. 5162.02. Love contends the section of P.S. 5162.02 that makes § 924(c) violations "crimes of violence in all cases," refers to "firearms used in violent or drug trafficking crimes." Love notes the terms "use" and "carrying" in § 924(c) have distinct meanings, Bailey v. United States, ___ U.S. ___, 116 S. Ct. 501, 507 (1995), and he was neither charged with nor convicted of

-4-

Whether the BOP's interpretation of a statute violates the Constitution[7] or exceeds its statutory authority is a proper ground of inquiry for this court. See Webster v. Doe, 486 U.S. 592, 602-05 (1988); Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1184 (8th Cir. 1990). It is well-settled that "if a statute is unambiguous the statute governs; if, however, Congress' silence or ambiguity has 'left a gap for the agency to fill,' courts must defer to the agency's interpretation so long as it is 'a permissible construction of the statute.'" Stinson, 508 U.S. at 44 (quoting Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).

Congress' decision to leave the term "nonviolent offense" undefined in § 3621(e)(2)(B), indicates Congress' intent to give the BOP discretion to decide whether an inmate's offense of conviction is a nonviolent offense. We hold the BOP's decision to exclude convictions under § 924(c) from its list of "nonviolent offenses" is within its statutory authority. See Stinson, 506 U.S. at 44.

---

using a firearm during a drug trafficking offense. Thus, Love urges, when the BOP denied his sentence reduction request, it did not follow its policy that only categorizes firearms used in violent or drug trafficking crimes as crimes of violence.

We do not find this argument persuasive. Although the terms "use" and "carrying" in § 924(c) have distinct meanings, see Bailey, 116 S. Ct. at 507, and P.S. 5162.02 does describe § 924(c) as "firearms used in violent or drug trafficking crimes," this statement is merely the BOP's internal description of § 924(c). Perhaps this description could be more accurate. Even so, this description does not create a BOP policy that only § 924(c) offenses involving the use of firearms are "crimes of violence." P.S. 5162.02 makes clear that § 924(c) convictions are to be categorized as crimes of violence in all cases.

[7]In his appeal to this court, Love does not claim the BOP's interpretation of § 3621(e)(2)(B) violates the Constitution.

We also find the BOP's interpretation of the phrase "nonviolent offense" to be a permissible construction of § 3621(e)(2)(B). Any § 924(c) violation necessarily involves a firearm. See 18 U.S.C. § 924(c)(1). An individual may not be convicted under § 924(c)(1) unless that individual uses or carries a firearm "during and in relation to" a crime of violence or a drug trafficking crime. See id. (emphasis added). Given the inherently violent nature of firearms, and the danger firearms pose to all members of society, the BOP did not act unreasonably when it determined that a § 924(c)(1) offense is not a "nonviolent offense" for purposes of § 3621(e)(2)(B).[8]

Finally, we note that § 3621(e)(2)(B) is discretionary. It does not require the BOP to give any prisoner a sentence reduction. Section 3621(e)(2)(B) only requires that the BOP: 1) limit its consideration for sentence reductions to those prisoners convicted of nonviolent offenses; and 2) limit any sentence reduction to one year or less. See 18 U.S.C. § 3621(e)(2)(B). The BOP acted within its discretion in concluding § 924(c) convictions are not "nonviolent offenses" under § 3621(e)(2)(B).[9]

---

[8]The government argues that with few exceptions, see Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996), courts have consistently upheld the BOP's position that prisoners convicted of firearm offenses are ineligible for sentence reductions under § 3621(e)(2)(B). In support of this contention, the government refers this court to an Eighth Circuit panel's recent decision in Sesler v. Pitzer, 110 F.3d 569 (8th Cir. 1997), cert. denied, ___U.S.___, 118 S.Ct. 197 (1997)).

Sesler is somewhat different than this case. Unlike Sesler, Love was not convicted of the "use" of a weapon during drug trafficking. Thus, although we reach the same result as the Sesler panel, we are reluctant to rely solely on Sesler in upholding the BOP's conclusion that Love's § 924(c)(1) conviction is not a "nonviolent offense" under § 3621(e)(2)(B).

[9]Based on our jurisdiction to review the BOP's exercise of discretion in deciding all prisoners convicted of § 924(c) offenses are ineligible for § 3621(e)(2)(B) sentence reductions, we also find the BOP did not abuse its discretion in denying Love's individual application for a § 3621(e)(2)(B) sentence reduction.

For the foregoing reasons, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.