# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-1203/1204/1205/1206/1207/1211/1212/1213/1214/1611

_____

| | | |
|---|---|---|
| Calvern J. Bellis, Shon Pierson, | * | |
| Brian T. Shields, David J. Miller, | * | |
| Thane Martin, George Cook, | * | |
| Ryan Scott Clark, Sean A. Winston, | * | |
| Tim Walker, and Christopher A. | * | |
| Lopez, | * | |
| | * | |
| Appellees, | * | Appeals from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Randy J. Davis, Warden, | * | |
| Federal Prison Camp, Yankton, | * | |
| South Dakota; and Federal Bureau | * | |
| of Prisons, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  May 12, 1999

Filed:  August 10, 1999

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In these consolidated appeals, ten federal prisoners petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241(a), against the U.S. Bureau of Prisons (BOP) and

Warden Randy Davis of the Federal Prison Camp in Yankton, South Dakota. Each of the appellees has completed or is scheduled to complete the BOP's voluntary residential drug abuse treatment program, *see* 18 U.S.C. § 3621(b). The statute, *see* 18 U.S.C. § 3621(e)(2), authorizes the BOP to offer an early-release incentive to certain federal prisoners in order to encourage them to enroll in its voluntary drug abuse treatment program. The statute also provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve," *see* 18 U.S.C. § 3621(e)(2)(B).

To implement the statute, the BOP promulgated regulations and a program statement which together define inmates' eligibility for the early-release incentive. *See* 28 C.F.R. § 550.58 and Federal Bureau of Prisons Program Statement 5162.04, (categorization of offenses) (Oct. 9, 1997). The regulations and the program statement identify two groups of offenses. The first consists of various federal offenses that the director of the BOP has determined to be "crimes of violence"; inmates convicted of these offenses are, by the terms of the statute, excluded from eligibility for the early-release incentive. *See* Federal Bureau of Prisons Program Statement 5162.04, §§ 1-2, §§ 5-6, § 9. The second is a group of crimes (called "director's discretion offenses") a conviction for which renders an inmate ineligible for the early-release incentive. *See* 28 C.F.R. § 550.58(a)(1)(iv), § 550.58(a)(1)(vi)(A), § 550.58(a)(1)(vi)(B), § 550.58(a)(1)(vi)(C), and Federal Bureau of Prisons Program Statement 5162.04, §§ 1-2, § 5, § 7, § 9. It is this second group of offenses that is at issue in this appeal.

The regulations pertaining to "director's discretion offenses" state, *inter alia*, that inmates convicted of "a felony ... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon" are not eligible for early release. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B). Section 7 of the program statement identifies more particularly

-2-

the offenses that the director of the BOP has decided will preclude eligibility for early release. Relying on the regulations and the program statement, the BOP determined that the appellees were ineligible for the early-release incentive, either because they had been convicted of being a felon in possession of a firearm, or because they had received a sentencing enhancement under the federal sentencing guidelines for possession of a dangerous weapon during the commission of a federal drug offense.

In their petitions to the district court, the appellees contended that the BOP exceeded its statutory authority by categorically excluding inmates who were not convicted of violent offenses from eligibility for the early-release incentive. The district court granted the appellees' petitions, and the BOP and the warden appeal. We disagree.

We have previously recognized that 18 U.S.C. § 3621(e)(2) vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses, are appropriate candidates for early release. *See Love v. Tippy*, 133 F.3d 1066, 1069 (8th Cir. 1998), *cert. denied*, 118 S. Ct. 2376 (1998). The statute states only that the prison term of an inmate convicted of a nonviolent offense "*may* be reduced by the Bureau of Prisons" (emphasis added), *see* 18 U.S.C. § 3621(e)(2)(B). The language is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates. *Cf. Morgan v. Rabun*, 128 F.3d 694, 699 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 1809 (1998) (finding "may" language in state statute discretionary). Under the plain language of this statute, "[c]ommission of a 'nonviolent offense' makes a prisoner eligible for consideration but does not ... grant the boon he seeks. Eligibility is not entitlement." *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997).

Nor does the statute mandate that the BOP exercise its discretion by making individual, rather than categorical, assessments of eligibility for inmates convicted of nonviolent offenses. In fact, Congress expected the BOP to make early-release

determinations "based on criteria to be established and uniformly applied," H.R. Rep. No. 103-320 (section-by-section analysis), 1993 WL 537335 (Nov. 3, 1993). It is well settled, moreover, that where Congress has left a gap in a statute for an agency to fill, we defer to the agency's interpretation so long as it is a permissible construction of the statute. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-45, 866 (1984); *see also Love*, 133 F.3d at 1069.

The BOP chose to exercise the discretion granted to it under the statute by identifying additional categories of inmates who are ineligible for the early-release program because, although their offenses may be "nonviolent" within the meaning of the statute, their underlying conduct indicates that they pose a serious risk to public safety. We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.

The appellees contend that the BOP's current regulations and the program statement interpreting the relevant statutory language are contrary to our decision in *Martin v. Gerlinski*, 133 F.3d 1076 (8th Cir. 1998). We disagree. In *Martin*, 133 F.3d at 1078, we examined the portion of the statute that limits eligibility for early release to nonviolent offenders, *see* 18 U.S.C. § 3621(e)(2)(B). In striking down an earlier set of regulations that attempted to interpret the statutory term "nonviolent offense," we held that the BOP must look to the offense of conviction, not to sentencing factors, in determining whether an offender was convicted of a "nonviolent offense" and thus eligible under the statute for the early-release incentive. *Martin*, 133 F.3d at 1079-81. We did not, however, address the question at issue in this appeal, namely, whether the BOP may, as an exercise of its discretion, *see* 28 C.F.R. § 550.58(a)(1), look to sentencing factors in deciding which individuals among statutorily eligible inmates are appropriate candidates for early release. *Martin* is therefore of no relevance to the present case.

We conclude that the BOP acted within its authority in excluding the appellees from the early-release program under 18 U.S.C. § 3621(e)(2).  We therefore reverse the district court's grant of the appellees' petitions, and remand with instructions to enter judgment consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.