**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

PRINCE ENDRA FORSHEE,

     Petitioner-Appellant,

v.

L.E. FLEMING, Warden,

     Respondent-Appellee.

No. 00-6169
(W.D. Okla.)
(D.Ct. No. 99-CV-1636-M)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Prince Endra Forshee, a federal inmate appearing *pro se*, appeals

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because Mr. Forshee is a federal prisoner filing a § 2241 petition, a certificate of appealability is not required to appeal the district court's denial. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). We affirm.

Mr. Forshee pled guilty to, and was convicted of, count two of an indictment that charged him with knowingly using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Mr. Forshee to sixty months in prison. While incarcerated, Mr. Forshee successfully completed a residential drug treatment program and requested a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Under this statute, the Bureau of Prisons (Bureau) has discretion to reduce an inmate's sentence if an inmate successfully completes a drug treatment program. However, the provision only applies if the inmate was "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). In construing § 3621(e)(2)(B), the Bureau found Mr. Forshee categorically ineligible for early release because the Bureau

considered his conviction under § 924(c) a "crime of violence."[1]

Unsuccessful in administratively appealing the Bureau's decision, Mr. Forshee sought relief by filing his § 2241 petition. In his petition, Mr. Forshee challenged the Bureau's determination he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

The district court referred the matter to a magistrate judge who issued a Report and Recommendation, recommending denial of Mr. Forshee's petition. The magistrate judge determined the Bureau's categorical designation of all offenses under 18 U.S.C. § 924(c) as violent crimes did not exceed the Bureau's statutory authority under 18 U.S.C. § 3621(e)(2)(B). Specifically, the magistrate judge determined "the Bureau acted reasonably in concluding that using or carrying a gun in relation to a drug trafficking offenses is not a nonviolent offense for the purposes of Section 3621(e)(2)(B), and ... [Mr. Forshee] is not entitled to relief on this ground." The magistrate judge further clarified that Mr. Forshee received his conviction for the use and carrying of a firearm, and not for

---

[1] In determining Mr. Forshee's eligibility for a sentence reduction, the Bureau incorrectly stated Mr. Forshee was convicted for possession, rather than the use and carrying of a firearm. The error is harmless given the Bureau similarly considers the use and carrying of a firearm a crime of violence. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B).

mere possession.  Following Mr. Forshee's objections to the magistrate judge's recommendation, the district court adopted the Report and Recommendation and denied Mr. Forshee's petition.

On appeal, Mr. Forshee essentially claims the Bureau exceeded its statutory authority in finding his § 924(c) offense is a violent crime, and suggests the Bureau should reconsider his eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).  Mr. Forshee also renews his claim he received a conviction for "possession" of a firearm which he contends was not a violent crime under § 924(c) at the time of his conviction.  However, Mr. Forshee admits the use and carrying of a firearm was a violent crime.

"We review *de novo* the district court's denial of habeas corpus relief." *Hunnicutt v. Hawk*, ___ F.3d ___, ___, 2000 WL 1528051 at *2 (10th Cir. Oct. 16, 2000) (per curiam).  In so doing, we must review whether the Bureau exceeded its statutory authority in construing § 3621(e)(2)(B).  *Id.*

> An agency's interpretation of a statute by formal regulation or adjudication is entitled to deference, so long as the agency's interpretation is based upon a permissible construction of the statute....  Where the agency's interpretation of the statute is made informally, however, such as by a program statement, the interpretation is not entitled to deference, but will instead be considered only to the extent that it is well-reasoned and has power to persuade.

*Id.* (quotation marks, citations and alteration omitted).

We begin our discussion by clarifying Mr. Forshee clearly pled guilty to, and was convicted of, count two of the indictment that charged him with knowingly using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).[2] Thus, contrary to Mr. Forshee's claims, he did not receive a conviction for possession of a firearm.[3] Accordingly, the only legal issue is whether the Bureau exceeded its authority in determining Mr.

---

[2] The judgment entered in this case cursorily and incorrectly states the nature of Mr. Forshee's offense as "Possession of a Firearm During a Drug Trafficking Crime." However, as the magistrate judge ascertained, the record including the presentencing report and quoted portions of the indictment therein clearly disclose Mr. Forshee pled guilty to, and was convicted for, using and carrying a firearm during a drug trafficking crime. During sentencing, the district court adopted the presentencing report and sentenced Mr. Forshee for the § 924(c) violation contained therein. In fact, in his petition, Mr. Forshee himself expressly stated the nature of his offense as "KNOWINGLY DID USE AND CARRY A FIREARM ... IN VIOLATION OF 18 U.S.C. § 924(c). SINGLE COUNT UNDER PLEA AGREEMENT."

[3] Our determination Mr. Forshee's conviction did not involve possession of a firearm is for clarification in this case only and is not intended to implicate whether possession of a firearm constituted a "crime of violence" under the version of 18 U.S.C. § 924(c)(1) in existence when Mr. Forshee entered his guilty plea. We simply note the current version of § 924(c)(1)(A) applies to anyone who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, *possesses* a firearm" (emphasis added). Unlike the current version of § 924(c)(1), the 1996 version did not expressly include "*possession*" of a firearm, but only the use or carrying of a firearm in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1) (1996).

Forshee's offense is not a "nonviolent offense" under § 3621(e)(2)(B). In other words, we must determine if the Bureau exceeded its authority in categorizing Mr. Forshee's conviction for the use and carrying of a firearm in relation to a drug trafficking offense as a "crime of violence."

As previously stated, under 18 U.S.C. § 3621(e)(2)(B), the Bureau has discretion to reduce an inmate's sentence if he successfully completes a drug treatment program. However, the provision only applies if the inmate was "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). In construing § 3621(e)(2)(B), the Bureau promulgated its own formal regulations and informal Program Statement interpreting the term "nonviolent offense." The applicable regulation expressly states inmates whose offenses "involved the carrying, possession, or use of a firearm" are ineligible for early release. 28 C.F.R. § 550.58(a)(1)(vi)(B). Similarly, the Bureau's informal "Program Statement" lists firearms convictions under § 924(c) as crimes of violence, rather than nonviolent crimes. *See* Program Statement No. 5162.04.

After reviewing the pertinent statutes and regulations, we agree with our sister circuits that have addressed the same issue presented here. *See Warren v. Crabtree*, 185 F.3d 1018, 1021 (9th Cir. 1999); *Love v. Tippy*, 133 F.3d 1066,

1069 (8th Cir.), *cert. denied*, 524 U.S. 956 (1998).  Specifically, we agree the Bureau acted within its statutory authority in interpreting the term "nonviolent offense" under § 3621(e)(2)(B) to not include convictions under § 924(c) because they involve the use or carrying of a firearm during or in relation to the commission of a drug trafficking crime.[4]  As the Eighth Circuit aptly stated: "Given the inherently violent nature of firearms, and the danger firearms pose to all members of society, the [Bureau] did not act unreasonably when it determined that a § 924(c)(1) offense is not a 'nonviolent offense' for purposes of § 3621(e)(2)(B)." *Love*, 133 F.3d at 1069.  In support, the Ninth Circuit noted "[t]he Supreme Court has observed that the mere presence of a gun as an item of trade at a drug transaction 'creates a grave possibility of violence and death.'" *Warren*, 185 F.3d at 1021 (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993)).  Given the violent nature of firearms in conjunction with drug transactions, we believe the Bureau's interpretation is based on a permissible construction of § 3621(e)(2)(B).

Our determination in this case is consistent with our decision in *Hunnicutt*

---

[4] *See, e.g., Warren*, 185 F.3d at 1021 (holding the Bureau properly determined inmates convicted for using or carrying a firearm in relation to a drug trafficking crime are categorically ineligible for a sentence reduction for successful completion of a drug treatment program); *Love*, 133 F.3d at 1069 (same).

where we held the Bureau acted within its statutory authority in classifying the offense of "conspiracy" to use or carry a firearm during and in relation to a drug trafficking offense as a crime of violence. *See Hunnicutt*, ___ F.3d at ___, 2000 WL 1528051 at *3. It logically follows that if conspiracy to use or carry a firearm in relation to a drug trafficking offense is a crime of violence, then the actual act of using or carrying a firearm in relation to the same crime is similarly a crime of violence, not subject to a sentence reduction under § 3621(e)(2)(B).[5]

Having determined the Bureau did not exceed its statutory authority in classifying as a "violent crime" convictions under § 924(c) for the use or carrying of a firearm during or in relation to the commission of a drug trafficking crime, we find the Bureau did not abuse its discretion in denying Mr. Forshees's application for a § 3621(e)(2)(B) sentence reduction. This is because Mr. Forshee received a conviction for the use and carrying of a firearm in relation to a drug trafficking offense.

---

[5] Our decision is not inconsistent with *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998). In that case, we determined the Bureau exceeded its authority in treating a sentence enhancement for possession of a firearm as though it was a conviction for such an offense. *Id.* at 631-32. In *Fristoe*, we determined the eligibility criteria in § 3621(e)(2)(B) referred directly to the underlying offense for which the prisoner was convicted. *Id.* at 631. In this case, unlike *Fristoe*, we are not dealing with a sentence enhancement, but an actual underlying firearm offense for which Mr. Forshee was convicted.

For the foregoing reasons, we **AFFIRM** the decision of the district court.

Mr. Forshee's motion to proceed *in forma pauperis* is denied.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge