**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas Elmo CANON, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert John DELANG, Defendant–
Appellant.**

Nos. 91–50853, 91–50854.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1993.

Decided May 20, 1993.

Carolyn Chapman, San Diego, CA, for defendant-appellant Canon.

Sheldon Sherman, San Diego, CA, for defendant-appellant Delang.

Larry A. Burns and Mary A. Schneider, Asst. U.S. Attys., San Diego, CA, for plaintiff-appellee.

Before: BEEZER, BRUNETTI and THOMPSON, Circuit Judges.

BEEZER, Circuit Judge:

Douglas Elmo Canon and Robert John Delang appeal their convictions for possession of a firearm in violation of 18 U.S.C. § 922(g), their convictions for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and their sentences. We have jurisdiction under 28 U.S.C. § 1291. We affirm Canon's and Delang's § 922(g) convictions, reverse their § 924(c) convictions, and vacate and remand their sentences.

I

On August 4, 1990, officers in California noticed Delang's vehicle had a broken taillight and signalled for him to pull over. Instead, Delang led the officers on a high speed chase. One officer told his partner he

thought he saw Delang hand Canon something that looked like a firearm. Canon leaned out the passenger window and fired about eight times. Although Delang argued he never possessed the weapon, the pursuing officers testified that shots were fired from the driver's (Delang's) side as the vehicle turned left. Shortly thereafter, Delang crashed the vehicle, and he and Canon were arrested. Their left hands were smudged with powder from a discharged firearm. In the vehicle, the officers found a pistol bearing an inscription that indicated it had been manufactured in Georgia.

Canon's felony record included the following convictions for offenses committed on different occasions: structural burglary, armed robbery and possession of a sap, an inherently dangerous and deadly weapon similar to a blackjack. Delang's felony record included three armed robbery convictions stemming from separate criminal episodes. Canon and Delang stipulated to felon status.

## II

■ Possession of a firearm by a felon constituted the underlying "crime of violence" for Canon's and Delang's § 924(c) convictions. 18 U.S.C. § 924(c)(1). Canon and Delang failed to argue in their joint opening brief that, for purposes of § 924(c), possession of a firearm by a felon is not a crime of violence. Only at oral argument, and apparently in response to a contrary position outlined in the government's brief, did Canon or Delang raise the issue. To prevent manifest injustice, we address the question. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

■ The government contended at oral argument that we cannot rule in Canon's and Delang's favor without overruling *United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990). We deem *O'Neal's* interpretation of an outdated version of Guidelines § 4B1.2 irrelevant to our present inquiry. *See id.* at 1374–75.

We hold that possession of a firearm by a felon is not a "crime of violence" under § 924(c). Commission of the crime requires no act other than possession of the firearm nor, consistent with interpretations given similar provisions, does it pose a "substantial

risk" that physical force may be used against a person or property. 18 U.S.C. § 924(c)(3)(A), (B); *see* U.S.S.G. § 4B1.2, comment. (n.2) (Nov. 1991) (possession of firearm by felon not a "crime of violence" for purposes of career offender provisions); *United States v. Garcia–Cruz*, 978 F.2d 537, 542–43 (9th Cir.1992) (possession of firearm by felon not a "violent felony" for purposes of armed career criminal act). Canon's and Delang's § 924(c) convictions are reversed.

## III

■ Canon and Delang argue the sentences for their § 922(g) convictions should not have been enhanced for career offender or armed career criminal status. U.S.S.G. §§ 4B1.1, 4B1.4. The government concedes Canon and Delang should have been sentenced without reliance upon the career offender provisions. We review *de novo* the legality of the armed career criminal enhancements. *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir.1992).

■ Canon and Delang are armed career criminals under Guidelines § 4B1.4. Canon and Delang violated § 922(g), and each has three prior violent felony convictions. 18 U.S.C. § 924(e). Under § 924(e), Canon's single armed robbery conviction and Delang's three armed robbery convictions are for violent felonies. *United States v. Antonie*, 953 F.2d 496, 498–99 (9th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992). The burglary statute under which Canon was convicted substantially corresponds to "generic" burglary; thus, that conviction is for a violent felony. Tex.Penal Code § 30.02; *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). Because possession of a sap is "presumptive evidence of unlawful violent intentions" and necessarily entails a "serious potential risk of physical injury to another," this felony conviction also qualifies. 18 U.S.C. § 924(e)(2)(B)(ii); *United States v. Dunn*, 946 F.2d 615, 621 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991); *see* Cal.Penal Code § 12020 (statute under which Canon was convicted); *People v. Johnson*, 72 Cal.App.3d 52, 55, 139 Cal.Rptr. 811, 813 (1977) (proof of

"possession alone" suffices to convict under § 12020). On remand, the district court shall sentence Canon and Delang as armed career criminals, but not as career offenders.

## IV

 Canon and Delang maintain that prosecution in federal court violated their due process and equal protection rights. They have not, however, shown prima facie that the prosecutor's charging decision rested on an impermissible factor, such as race, gender or religion. In these circumstances, we lack authority to review the charging decision. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1993).

## V

Delang argues that because the indictment did not specifically charge him with aiding and abetting, the district court should not have given an instruction on aiding and abetting. Delang also contends the court should have instructed the jury that he had to know Canon was a felon before Delang could aid Canon's possession of a firearm. We disagree with these contentions.

 Every indictment for a federal offense charges the defendant as a principal and as an aider and abettor; thus, a count for aiding and abetting is unnecessary. 18 U.S.C. § 2; *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir.1988). The government did not have to prove Canon, as a principal, knew he was a felon. *United States v. Sherbondy*, 865 F.2d 996, 1002–03 (9th Cir.1988). No greater knowledge requirement applies to Delang. The government had only to prove Delang, as an aider and abettor, "associate[d] himself with [Canon's crime], that he participate[d] in it as in something that he wishe[d] to bring about, [and] that he [sought] by his action to make it succeed." *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949).

## VI

Canon and Delang argue as follows: (1) the officers violated their Fourth Amendment rights by surveilling them and by searching the vehicle after their arrests and (2) the district court lacked jurisdiction be-

cause California has not consented to federal jurisdiction over federal crimes committed within its borders. Delang also contends insufficient evidence supports his § 922(g) conviction. None of these arguments has sufficient merit to warrant further discussion.

Canon's and Delang's § 922(g) convictions are AFFIRMED, their § 924(c) convictions are REVERSED and their sentences are VACATED and REMANDED.