Darrell B. WARREN, Petitioner–
Appellant,

v.

Joseph CRABTREE, Respondent–
Appellee.

John Luis Berry, Petitioner–Appellant,

v.

Joseph Crabtree, Warden, Federal Correctional Institution Sheridan, Oregon, Respondent–Appellee.

Nos. 98–35890, 98–35955.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1999.

Filed July 30, 1999.

Wendy R. Willis, Stephen R. Sady, Assistant Federal Public Defenders, Portland, Oregon, for the petitioners-appellants.

Thomas M. Gannon, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: CANBY, and T.G. NELSON, Circuit Judges, and FOGEL,[1] District Judge.

---

1. The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

CANBY, Circuit Judge:

Federal prisoners Darrell Warren and John Louis Berry separately appeal the district court's denial of their habeas petitions, brought pursuant to 28 U.S.C. § 2241.[2] Petitioners challenge the rulings of the United States Bureau of Prisons finding them ineligible for a sentence reduction authorized by the Violent Crime Control and Law Enforcement Act of 1994 ("Violent Crime Act"), 18 U.S.C. § 3621(e)(2)(B), for successful completion of a drug treatment program by a prisoner convicted of a "nonviolent offense."

The Bureau denied the two petitioners a reduction on the ground that one of the crimes of which they both had been convicted, using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c), was a violent crime.[3] We conclude that the Bureau may properly classify all § 924(c) offenses as "crimes of violence" for the purposes of the sentence reduction provision of the Violent Crime Act.

### Facts and Procedural History

Berry was convicted of possessing more than 50 grams of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and of using or carrying a firearm in relation to that drug trafficking crime, 18 U.S.C. § 924(c)(1). He was sentenced to 200 months imprisonment.

Warren was convicted of possessing more than five grams of cocaine base, 18 U.S.C. § 844(a), of using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and of possessing a firearm as a previously convicted felon, 18 U.S.C. § 922(g)(1). Warren was sentenced to 152 months imprisonment, followed by a five-year period of supervised release.

While in custody, both petitioners successfully completed the Bureau's residential drug and alcohol treatment program. Petitioners applied for sentence reductions under 18 U.S.C. § 3621(e)(2)(B) but were deemed ineligible because the Bureau categorizes all convictions under § 924(c) as "crimes of violence" for the purposes of § 3621(e) eligibility.

Berry and Warren filed petitions for habeas corpus contending that the Bureau's categorical exclusion of inmates convicted under § 924(c) is improper. The district court dismissed both petitions, and both petitioners appeal.

### Analysis

In the Violent Crime Act, Congress provided that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act further provided:

felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

**2.** These two appeals present the same question. They have been consolidated for purposes of argument and opinion only.

**3.** Section 924(c) provides:

(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

(2) For purposes of this subsection, the term "drug trafficking crime" means any

(2) Incentive for prisoners' successful completion of treatment program.

. . . .

(B) Period of custody. The period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (1994) (emphasis added). The Act does not define "nonviolent offense."

The Bureau promulgated certain Bureau Program Statements to assist its staff in interpreting the statute. Included in them was the following:

6.1 Consideration for early release § 550.58. An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, ... unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. [§ ] 924(c)(3). . . .

Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5330.10, Drug Abuse Programs Manual ¶ 6.1 (May 25, 1995).[4]

The Bureau's Statement correctly assumes that the term "crime of violence" is the converse of "nonviolent crime." *See United States v. Borrayo*, 898 F.2d 91, 94 (9th Cir.1990). It adopts by reference the definition of "crime of violence" provided by 18 U.S.C. § 924(c)(3):

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, *involves a substantial risk that physical force against the person or property of another may*

*be used* in the course of committing the offense.

(Emphasis added); *see* Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5162.02, Definitions of "Crimes of Violence" ¶ 5 (July 24, 1995) (quoting § 924(c)(3)).

It is this adoption of the definition of § 924(c)(3) that provides the basis for the petitioners' challenge to the Bureau's action in denying them a reduction of sentence. The petitioners do not object to the adoption of § 924(c)(3) itself; they contend instead that the Bureau has misapplied that section. Their argument derives from the structure of § 924(c). That structure may be stated as follows:

subsection (1) states the offense of using or carrying a firearm in relation to a crime of violence or a drug trafficking crime;

subsection (2) defines drug trafficking crime; and

subsection (3) defines crime of violence (to include a crime that "by its nature involves a substantial risk that physical force against the person or property of another may be used").

The petitioners contend that the effect of this structure is to create a dichotomy between drug trafficking crimes and crimes of violence. Because their use or carrying of a firearm was in relation to a drug trafficking offense, rather than to a crime of violence, the petitioners insist that the Bureau errs in holding them to have been convicted of a crime of violence.

The petitioners' argument misses the point. The structure and language of § 924(c) establish only that the *predicate offense* of "drug trafficking" is not a "crime of violence." The subsection does not attempt to characterize the offense of using or carrying a firearm in relation to those predicate offenses. The statute according-

---

4. The Bureau has subsequently issued change notices to the relevant Program Statements, but the government concedes that the changes are not applicable to these cases. *See Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.

1997) (Bureau's change in definition of "nonviolent offense" does not apply to prisoners already in drug treatment program at time of the change).

ly does not foreclose the Bureau's interpretation that all violations of § 924(c)(1) are "crimes of violence" irrespective of the character of the predicate offense.[5]

On its merits, the Bureau's interpretation is defensible. The Bureau "has broad discretion to adopt any reasonable definition of 'nonviolent offense' under § 3621(e)(2)(B)." *Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir.1996). Although the Bureau's program statements are "only entitled to some deference" because they are not adopted with the "'rigors of the Administrative Procedure Act,'" *Downey*, 100 F.3d at 666 (quoting *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)), deference is appropriate here. The Supreme Court has observed that the mere presence of a gun as an item of trade at a drug transaction "creates a grave possibility of violence and death." *Smith v. United States*, 508 U.S. 223, 240, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993).

The petitioners point out that more recent decisions of the Supreme Court make clear that a violation of § 924(c)(1) need not involve violence. Although *Bailey v. United States*, 516 U.S. 137, 142, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), held that "use" of a firearm under § 924(c)(1) must involve the "active employment" of the weapon during and in relation to the predicate offense, a broader interpretation was given to "carrying" a firearm in *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). *Muscarello* held that the proscription against "carrying" a firearm under § 924(c)(1) applies not only to the carrying of the weapon on one's person, but also applies to a "person who knowingly possesses and conveys fire-

arms in a vehicle ... which the person accompanies." *Id.* 118 S.Ct. at 1913–14. According to petitioners, this holding means that "carrying" a firearm in relation to a drug trafficking offense is not necessarily violent. The problem with this argument is that the Supreme Court reached the result it did in *Muscarello* because the "basic purpose" of § 924(c) is to "combat the 'dangerous combination' of 'drugs and guns.'" *Id.* 118 S.Ct. at 1916 (quoting *Smith*, 508 U.S. at 240, 113 S.Ct. 2050). It is perfectly consistent with this reasoning of *Muscarello* for the Bureau to conclude that using *or* carrying a gun in relation to a drug trafficking offense "by its nature involves a substantial risk that physical force against the person or property of another may be used" as specified in § 924(c)(3).[6]

Our conclusion that the Bureau may classify all § 924(c) convictions as violent crimes is supported by the only other circuit court to rule upon the question. *See Love v. Tippy*, 133 F.3d 1066, 1069 (8th Cir.1998) ("An individual may not be convicted under § 924(c)(1) unless that individual uses or carries a firearm 'during and in relation to' a crime of violence or a drug trafficking crime. Given the inherently violent nature of firearms, and the danger firearms pose to all members of society, the [Bureau] did not act unreasonably when it determined that a § 924(c)(1) offense is not a 'nonviolent offense' for the purposes of § 3621(e)(2)(B)."); *Sesler v. Pitzer*, 110 F.3d 569, 571–72 (8th Cir.1997) ("Given the elements necessary for a § 924(c)(1) conviction, we agree with the [Bureau's] conclusion that a § 924(c)(1) of-

**5.** Similarly, petitioners' assertion that they were convicted under § 924(c)(2) (definition of "drug trafficking crimes") is incorrect. Subsections (c)(2) and (c)(3) *define* elements of the overall offense-using or carrying a firearm while committing certain crimes. Section 924(c) offenses have at least two distinct elements. The defendant must have (1) used or carried a firearm "during and in relation to" (2) a crime of violence or a drug trafficking offense. *See United States v. Rodriguez–Moreno*, —— U.S. ——, 119 S.Ct. 1239, 143

L.Ed.2d 388 (1999) (holding that 924(c) has two distinct elements such that venue for prosecution is proper in any jurisdiction in which either element was committed).

**6.** Because the danger of violence inheres in the combination of firearms and drugs, a § 924(c) conviction is distinguishable from a conviction for being a felon in possession of a firearm, which we have held not to be a violent offense. *See Davis v. Crabtree*, 109 F.3d 566 (9th Cir.1997).

fense is clearly not a nonviolent offense within the meaning of § 3621(e)(2)(B)."), *cert. denied,* —— U.S. ——, 118 S.Ct. 197, 139 L.Ed.2d 135 (1997).[7]

The decisions of this circuit urged by petitioners do not support their position. The petitioners invoke our decisions under the 1984 version of § 924(c), which specified a 60-month consecutive sentence for a defendant who used or carried a firearm "during and in relation to any crime of violence." That is, the 1984 version did not include a specific reference to "drug trafficking crimes." Petitioners correctly point out that our circuit, like others, rejected the government's contention that drug trafficking crimes were "crimes of violence" for the purposes of § 924(c). *See, e.g., United States v. Arrellano–Rios,* 799 F.2d 520, 523 (9th Cir.1986); *United States v. Diaz,* 778 F.2d 86, 88 (2d Cir. 1985).

This argument, however, involves the same conceptual mistake as the first. These cases merely held that "drug trafficking" as a predicate offense could not be classified as a "crime of violence." These decisions did not hold that the use or carrying of a firearm "during and in relation to" an otherwise nonviolent offense is also a nonviolent offense. A comparable distinction holds true for *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996), in which we held that a conviction for possession of drugs with intent to sell was not a violent crime, even though the defendant's sentence was enhanced for possession of a firearm. We pointed out that § 3621(e)(2)(B) referred to persons "*convicted* of a nonviolent offense." *Id.* at 665

(emphasis added). Because the offense of conviction was drug trafficking, a nonviolent crime, the Bureau's determination that the defendant had been convicted of a violent crime was unreasonable. *Id.* at 668; *accord Martin,* 133 F.3d at 1079. The petitioners here, however, were *convicted* of the offense of using or carrying a firearm in relation to a drug offense.

Petitioners next contend that the Bureau's treatment of convictions under § 924(c) is inconsistent with that of the Sentencing Commission. *See Davis,* 109 F.3d at 569 ("[I]f a crime has been held 'nonviolent' by the Ninth Circuit for the purposes of the Sentencing Guidelines, the [Bureau] must consider it 'nonviolent' for the purposes of Section 3621(e)(2)(B)."). Petitioners argue that the Sentencing Guidelines clearly distinguish between § 924(c)(1) offenses relating to a "crime of violence" and those relating to a "drug trafficking offense" for the purposes of the Career Offender and Armed Career Criminal guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.4.[8]

Although the Sentencing Guidelines do maintain a conceptual distinction between the two classes of § 924(c) offenses, they do not answer the question whether all § 924(c) offenses properly may be regarded as "crimes of violence." The effect of the guideline is to *equate* the two classes of offenses for sentencing purposes. The guideline therefore does not support the petitioners' contention that § 924(c) offenses retain in some restrictive sense the character of their predicate offense. The guideline has no need to determine, and

---

7. Petitioners contend that this court has explicitly rejected the analogy that drives the Eighth Circuit's holding. This assertion is plainly incorrect. Although we did reject the analogy between § 3621(e)(2)(B) and an unrelated and repealed section of the Violent Crime Act, formerly 42 U.S.C. § 3796ii–2, *see Davis,* 109 F.3d at 569–70, the Eighth Circuit clearly utilized this analogy only as additional support for its otherwise well-supported position. *See Sesler,* 110 F.3d at 572. The Eighth Circuit so indicated in a later case, in which it, too, rejected the analogy (but not the *Sesler*

holding). *See Martin v. Gerlinski,* 133 F.3d 1076, 1080 (8th Cir.1998).

8. The commentary on the guideline provides:

Possessing a firearm during and in relation to a crime of violence or drug offense (18 U.S.C. § 924(c)) is a "crime of violence" or "controlled substance offense" if the offense of conviction established that the underlying offense ... was a "crime of violence" or a "controlled substance offense."

U.S.S.G. § 4B1.2 comment. (n.1) (1997).

does not determine, whether using or carrying a firearm in relation to a drug trafficking offense is a violent crime. Nothing in the guideline contradicts the Supreme Court's clear statements as to the central purpose of § 924(c), which support the Bureau's interpretation of §§ 924(c) and 3621(b)(2)(B).

Petitioners concluding argument is that § 3621(e)(2)(B) is ambiguous, and that the "rule of lenity" dictates that this ambiguity should be resolved in petitioners' favor. *See Davis,* 109 F.3d at 570 (rule of lenity applies to penalty as well as to substance of crime). It is difficult, however, to isolate the ambiguity of which petitioners complain. They do not challenge the Bureau's determination that "nonviolent offense" in § 3621(e)(2)(B) is an offense that does not constitute a "crime of violence" as defined by § 924(c)(3). Section 924(c)(3) defines "crime of violence" to include a felony offense that "involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3). The Supreme Court's decisions make clear that the combination of guns and drugs involves such a risk. *See Muscarello,* 118 S.Ct. at 1913–14; *Smith,* 508 U.S. at 240, 113 S.Ct. 2050.[9]

 Even if the Bureau's interpretation is not rigidly compelled by the statutory language, the rule of lenity does not automatically come into play. "The simple existence of some statutory ambiguity ... is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." *Muscarello,* 118 S.Ct. at 1919; *see also Smith,* 508 U.S. at 239, 113 S.Ct. 2050 ("The mere possibility of articulating a narrower construction ... does not by itself make the rule of lenity applicable"). The rule of lenity applies only if, "after seizing everything from which aid can be derived, ... we can make 'no more than a guess as to what Congress intended.'" *United States v. Wells,* 519 U.S. 482, 499, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). In light of the Supreme Court's interpretation of the central purpose of § 924(c), we do not need to guess at Congress's intent to determine that the Bureau's interpretation of § 924(c) offenses as "violent" falls within it.

## Conclusion

The district court did not err in concluding that the Bureau of Prisons could properly rule petitioners to be categorically ineligible for reduction of sentence as persons convicted of a "nonviolent offense." *See* 18 U.S.C. § 3621(e)(2)(B). The judgments of the district court dismissing both petitions for habeas corpus are therefore

**AFFIRMED.**

---

**9.** In construing "using" and "carrying" in § 924(c), the Supreme Court refused to apply the "rule of lenity" in both *Smith* and *Muscarello. See Smith,* 508 U.S. at 239–40, 113 S.Ct. 2050; *Muscarello,* 118 S.Ct. at 1919. The Court reasoned in both cases that § 924(c), even as applied to "drug trafficking offenses" has a unitary purpose. The *Smith* court's reasoning is instructive:

The fact that a gun is treated momentarily as an item of commerce does not render it inert or deprive it of destructive capacity. Rather, as experience demonstrates, it can be converted instantaneously from currency to cannon. We therefore see no reason why Congress would have intended courts and juries applying § 924(c)(1) to draw a fine metaphysical distinction between a gun's role in a drug offense as a weapon and its role as an item of barter; it creates a grave possibility of violence and death in either capacity.... Both a firearm's use as a weapon and its use as an item of barter fall within the plain language of § 924(c)(1), so long as the use occurs during and in relation to a drug trafficking offense; both must constitute "uses" of a firearm for § 924(d)(1) to make any sense at all; and both create the very dangers and risks that Congress meant § 924(c)(1) to address.

*Smith,* 508 U.S. at 240, 113 S.Ct. 2050.