**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William R. STEPHENS, Defendant–
Appellant.**

No. 99–30228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2000

Filed Jan. 16, 2001

---

22. Fed.R.Civ.P. 56(e).

Matthew W. Claman, Anchorage, Alaska, for the defendant-appellant.

Mark A. Rosenbaum, Assistant United States Attorney, for the plaintiff-appellee.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

Opinion by Judge D.W. NELSON; Dissent by Judge REINHARDT.

D.W. NELSON, Circuit Judge:

William R. Stephens appeals a 180–month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Although the penalty for this offense normally does not exceed 10 years, *see* 18 U.S.C. § 924(a)(2), the Armed Career Criminal Act ("ACCA") mandates a minimum sentence of 15 years for people with three previous convictions for "a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e). Stephens was convicted twice on state burglary charges and once for carrying a gun in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c). Because all three prior offenses are "violent felonies" within the meaning of the ACCA, we affirm the district court's enhanced sentence.

## FACTUAL BACKGROUND

On November 8, 1998, Stephens was arrested in the parking lot of an Anchorage nightclub after showing a security guard a semiautomatic pistol. Police found the weapon, which was loaded, in Stephens's waistband. Stephens was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On June 8, 1999, Stephens pleaded guilty and was sentenced to 180 months in prison. The enhanced sentence was predi-

cated on three prior felony convictions. On October 12, 1989, he was convicted twice in state court for burglary after entering pleas of nolo contendere. In the first case, he was convicted of "Burglary II" based on an indictment charging that, on or about October 5, 1988, he "did enter or remain unlawfully in a building, Beavers Sports, 3480 College Road, Fairbanks, with intent to commit the crime of theft in the building." In the second case, a separate indictment charged that, on or about February 11, 1989, he "did enter or remain unlawfully in a building, the dwelling of William Leffel, 16(B) Farewell, with intent to commit the crime of assault in the dwelling" and that Stephens "did enter or remain unlawfully in a building, the dwelling of Adam Fowler, 196 7th Avenue, with intent to commit the crime of assault in the dwelling." On May 17, 1994, Stephens pleaded guilty to "use of a firearm in relation to drug trafficking" in violation of 18 U.S.C. § 924(c).

Stephens timely appeals his sentence.

## STANDARD OF REVIEW

■ This court reviews questions of law de novo. *United States v. Hunter*, 101 F.3d 82, 84 (9th Cir.1996). The proper interpretation of a statute is a question of law; therefore, this court reviews de novo the district court's conclusions about what constitutes a violent felony under 18 U.S.C. § 924(e). *United States v. Potter*, 895 F.2d 1231, 1235 (9th Cir.1990). In determining whether a prior offense is a violent felony for sentencing enhancement purposes, courts take a "categorical approach" by "look[ing] only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Because burglary statutes vary greatly from state to state, courts recognize an exception to the categorical approach and will look to the indictment or information and jury instructions to determine if the jury "was actually required to find all the elements of generic burglary." *Id.*

## 18 U.S.C. § 924(c) MEETS THE ACCA'S DEFINITION OF "VIOLENT FELONY"

■ The ACCA provides a 15–year minimum sentence for a violation of 18 U.S.C. § 922(g) where the defendant has three prior convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" to include "burglary" and any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Stephens's prior conviction for carrying a gun in connection with a drug trafficking offense falls within the ACCA's definition of "violent felony." "[T]he danger of violence inheres in the combination of firearms and drugs ...." *Warren v. Crabtree*, 185 F.3d 1018, 1021 n. 6 (9th Cir. 1999) (holding that the Bureau of Prisons was entitled to deference for the reasonable conclusion that someone convicted of violating § 924(c) was not entitled to a sentence reduction reserved for people convicted of a "nonviolent offense"). Congress enacted the current version of 18 U.S.C. § 924(c)(1) in reaction to a shocking correlation between drugs and violence. *See Smith v. United States*, 508 U.S. 223, 240, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) ("In 1989, 56 percent of all murders in New York City were drug related; during the same period, the figure for the Nation's Capital was as high as 80 percent."); *see also Muscarello v. United States*, 524 U.S. 125, 132, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). Carrying a weapon during a drug offense "creates a grave possibility of violence and death," *Smith*, 508 U.S. at 240, 113 S.Ct. 2050, more than justifying the district court's inclusion of Stephens's conviction for violation of 18 U.S.C. § 924(c)(1) as a predicate offense for the sentence enhancement.

Stephens argues that a conviction under 18 U.S.C. § 924(c)(1) should not count as a predicate offense under the ACCA because a conviction for being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1), does not. *See* U.S.S.G. § 4B1.2 cmt. n. 1 (1998) ("'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon."); *United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993) (holding that possession of a firearm by a felon is not a "crime of violence"). But § 922(g)(1) contemplates an entirely different potential for violence from § 924(c)(1). While § 922(g)(1) "requires no act other than possession of the firearm," *Canon,* 993 F.2d at 1441, a violation of § 924(c)(1) requires a connection to a drug trafficking crime. This circuit has recognized in a slightly different context that carrying a firearm in connection to a drug trafficking offense involves a far higher potential for violence than being a felon in possession of a firearm. *See Warren v. Crabtree,* 185 F.3d at 1021 n. 6. Thus, we conclude that the district court did not err in finding that Stephens's § 924(c) conviction was a "violent felony" under the ACCA.

## STEPHENS'S BURGLARY CONVICTIONS ARE VIOLENT FELONIES FOR PURPOSES OF THE ACCA

■ The ACCA deems burglary a violent felony that can be a predicate offense for an enhanced sentence. 18 U.S.C. § 924(e)(2)(B)(ii). Although some state burglary statutes criminalize conduct outside the scope of the ACCA's definition of "violent felony," the Supreme Court has ruled that in order to qualify as a predicate offense, a burglary conviction must involve the following elements: "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Stephens argues that his state convictions should not count as ACCA predicates because Alaska's burglary statute has an expansive definition of "building" that criminalizes conduct outside the scope of the ACCA. *See* Alaska Stat. § 11.81.900(b)(4) (defining "building" to include, in addition to its traditional meaning, "any propelled vehicle or structure

adapted for overnight accommodation of persons or for carrying on business; when a building consists of separate units, including apartment units, offices, or rented rooms, each unit is considered a separate building").

Regardless of the breadth of Alaska's statute, because Stephens was convicted of burglarizing structures within the traditional meaning of "building," his two prior state burglary convictions count as "violent felony" predicates for sentence enhancement under the ACCA. The indictment for Stephens's first burglary offense charges him with entering or remaining unlawfully "in a building, Beaver Sports, 3480 College Road." The indictment also charges him with stealing "running suits, hats, jackets" and other property. The indictment's use of the term "building," without any further qualification, and the inclusion of a street address, provide an adequate basis to conclude that "building" is used in its usual sense. The second indictment charges Stephens with entering a "dwelling" at "196 7th Avenue, with the intent to commit the crime of assault." Like the first indictment, the second one uses "dwelling" without any special qualification and provides a specific street address. Because these indictments clearly refer to burglaries of "buildings" within the scope of the definition of "burglary" provided by *Taylor,* it follows that Stephens's prior convictions are violent felonies under the ACCA.

The district court's sentence under the ACCA is therefore AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

Stephens was arrested for being a felon in possession of a handgun after he was discovered outside of a nightclub with a handgun in his waistband. For this crime which, ironically, is not a violent felony, he has been sentenced to incarceration for 15 years. Why such a long sentence? The district court concluded, and the majority agrees, that Stephens qualifies for substantially increased sentencing pursuant to

the Armed Career Criminal Act (Act), 18 U.S.C. § 924(e) because he has three prior felony convictions, and those three felonies are "violent felonies" as defined in the Act.

The three prior felonies relied upon to sentence Stephens under the Act include two prior burglaries, and one conviction for using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[1] While the Act specifically lists "burglary" as a qualifying violent felony, until today no court has ever held in a published opinion that the violation of § 924(c) qualifies as a violent felony.[2] Because I believe that such a violation may not be so classified, I must dissent.

For purposes of the Armed Career Criminal Act, a violent felony includes a felony that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). We have previously held, when considering a similar sentence enhancement, that the offense of a felon in possession of a gun, 18 U.S.C. § 922(g), does *not* qualify as a crime of violence because such conduct does not pose a "substantial risk" that physical force will be used. *United States v. Canon*, 993 F.2d 1439, 1441 (9th Cir.1993). Nor I believe does the conduct proscribed by § 924(c). For example, one can be convicted of violating § 924(c) simply for carrying a gun locked in the trunk of a car "during and in relation to" a drug trafficking offense. *See Muscarello v. United States*, 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). Under these circumstances, it makes sense to treat the two types of gun possession offenses similarly for purposes of the Act.

Carrying a gun in the locked trunk of a car while committing a drug trafficking offense admittedly presents some risk of violence. However, some risk of violence is also present when a felon possesses a gun. Presumably, the reason Congress has prohibited felons from possessing guns is the risk such armed felons pose to society. But that risk is not so substantial that we consider being a felon in possession to constitute a violent felony. *See Canon*, 993 F.2d at 1441.

In light of *Canon*, I believe that the issue presented in this case—whether the risk posed by a person's carrying a gun during and in relation to drug trafficking is so great as to justify classifying the offense as a violent felony for purposes of the Act—is a close one. However, given our decision in *Canon*, the extraordinarily long sentences that must be imposed on defendants subject to the Armed Career Criminal Act, and the similarities of the two types of weapons offenses discussed above, I would not classify § 924(c) as a "violent felony" absent clearer evidence that Congress intended that we do so.

I am certainly not convinced that the risk posed by persons violating § 924(c) is significantly greater than the risk posed by felons in possession of guns. Accordingly, I would opt for some degree of lenity. A maximum 10–year sentence for the offense of unlawful possession of a weapon is enough. *See* 18 U.S.C. § 924(a)(2). For the above reasons, I respectfully dissent.

1. The § 924(c) violation arose as a result of a state probation search of Stephens' car, in which officers found crack cocaine and a shotgun.

2. The majority cites *Warren v. Crabtree*, 185 F.3d 1018 (9th Cir.1999) for the proposition that § 924(c) is a "violent felony." *See supra* slip op. at 696–97. In that case, we deferred to the United States Bureau of Prisons' "broad discretion" to designate § 924(c) as an offense that is not a "nonviolent offense"

for purposes of sentence reductions pursuant to 18 U.S.C. § 3621(e)(2)(B). *Id.* at 1021 (internal citation omitted). Rather than conduct a de novo review of the proper classification of § 924(c), we held merely that "the [Bureau] did not act unreasonably" when classifying § 924(c) for its purposes. *Id.* In this case, there is no agency rule to be accorded deference, and therefore, in my view, *Warren* sheds no light on the proper characterization of § 924(c) for purposes of the Act.