**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Allen NYE, Defendant–Appellant.**

**No. 07–10546.**

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and is not precedent except as provided

Submitted Aug. 11, 2008.*

Filed Aug. 21, 2008.

Christina Brown, Esq., Robert L. Ellman, Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Defendant Allen Nye appeals his 180–month sentence for felon in possession of a firearm in violation of 18 U.S.C. § 922(g), arguing the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). We affirm.

The ACCA provides a mandatory fifteen-year sentence for a defendant who violates 18 U.S.C. § 922(g) and has three previous convictions for violent felonies or a serious drug offense, or both. 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary." Id. at § 924(e)(2)(B)(ii). The ACCA does not define burglary, but the Supreme Court has defined it as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

The Taylor Court recognized that the definition of burglary varies among state criminal codes and therefore provided a "categorical approach" to determining whether the ACCA should apply to a particular conviction. Id. at 599–602, 110 S.Ct. 2143. The strict categorical approach requires the trial court to look only at the fact of conviction and the statutory definition of the prior offense, and not the particular facts underlying the convictions. Id. at 600–602, 110 S.Ct. 2143. For a prior burglary conviction to qualify as a violent felony, the statutory definition of the offense should substantially correspond to the generic definition of burglary. Id. at 602, 110 S.Ct. 2143.

In states with statutes that define burglary more broadly than the generic definition, however, the sentencing court uses a modified categorical approach and may look beyond the mere fact of conviction and examine the indictment or information and jury instructions to determine whether the defendant was convicted of the elements of a generic burglary. Id. at 602, 110 S.Ct. 2143. If there was no trial and the defendant entered a guilty plea, the sentencing court may also consider the signed plea agreement or the transcript from the plea proceedings. United States v. Bonat, 106 F.3d 1472, 1476–77 (9th Cir. 1997).

Nye contends that the district court erred in applying the ACCA enhancement

---

by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because the Government failed to prove that his prior Nevada burglary convictions qualified as violent felony predicates. He argues that Nevada's burglary statute is broader than the generic definition announced in *Taylor*, and that the Government failed to unequivocally establish that he pled guilty to burglarizing a building as the term is used under the modified categorical approach.

Nye is correct that Nevada's burglary statute is broader than the crime's generic definition, *see* Nev.Rev.Stat. § 205.060, but his arguments otherwise lack merit. The record demonstrates that Nye has been charged and convicted of the generic elements of burglary three times. The three informations, two from 1982 and one from 1989, all state that Nye unlawfully entered an occupied building with a common street address with the intent to commit a crime. Thus, Nye was charged with each element of a generic burglary. *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143; *see also United States v. Stephens*, 237 F.3d 1031, 1034 (9th Cir.2001) ("Because these indictments clearly refer to burglaries of 'buildings' within the scope of the definition of 'burglary' provided by *Taylor*, it follows that [the defendant]'s prior convictions are violent felonies under the ACCA."). The three judgments confirm that Nye was convicted of these charges.

**AFFIRMED.**