TASHIMA, Circuit Judge,
concurring:
I concur fully in the majority opinion, but concur in Part B only under the compulsion of United States v. Stephens, 237 F.3d 1031 (9th Cir.2001).
In United States v. Grisel, 488 F.3d 844, 851 (9th Cir.2007) (en banc), we recognized that the Oregon definition of burglary was broader than the generic definition because, under Oregon law, a “building,” “in addition to its ordinary meaning includes any booth, vehicle, boat, aircraft, or other structure adapted for overnight accommodation of persons or for carrying on business therein.” Maj. Op. at 698 (quoting Or.Rev.Stat. § 164.205(1)). But, relying on Stephens, 237 F.3d at 1034, the majority holds that “[f|or purposes of the modified categorical approach, the facts alleged in the indictment narrowed Oregon’s general definition of a building. Using the term building together with a street address provided adequate proof ... that the defendant had pleaded guilty to entering or remaining in a ‘building’ as that term is commonly used, and as is meant in the generic definition of burglary in Taylor.”[1] Maj. Op. at 698.
But just because the broad statutory term “building” is accompanied by a street address does not necessarily make the statutory term more narrow or precise. “Building” still means “building,” as defined in the statute. The notion that, for purposes of applying the modified categorical approach, accompanying the statutory term “building” with a street address narrows the meaning of the term to mean less than what the statute defines it to mean does not withstand scrutiny. The indictment could just as well have alleged that the defendant entered a trailer located at 1341 Rogue River Highway. Any term can be accompanied by a street address. For all we know from the indictment, 1341 Rogue River Highway could be the address of a five or ten acre lot full of trucks, trailers, RVs, booths, and sheds, as well as the site of a generic building. Thus, for purposes of the modified categorical approach, accompanying the statutory term “building” with a street address does nothing, categorically, to aid the analysis. In short, I disagree that the mere accompaniment of the statutory term “building” with a street address necessarily narrows the statutory term to the “commonly used” term “meant in the generic definition of burglary in Taylor.”
Nonetheless, I recognize that we are bound by Stephens mistaken notion that *701 use of a street address narrows the statutory term. I, thus, reluctantly concur.

. The indictment alleged that the defendant entered "a building located at 1341 Rogue River Highway, (Friendly Motors) with the intent to commit the crime of theft therein.”