UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4373

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LIONEL LAMONT COX,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00288-FL-1)

Argued: September 19, 2014          Decided: November 6, 2014

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Wilkinson and Judge Duncan joined.

**ARGUED:** G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Shailika K. Shah, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Lionel L. Cox was convicted by a jury of two counts of possession of a firearm by a felon, and of aiding and abetting Neville S. Ward, Jr. in the commission of the same offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. The district court sentenced Cox to serve a term of 100 months' imprisonment. On appeal, Cox contends that the district court erred: (1) in admitting certain evidence of "bad acts" under Federal Rule of Evidence 404(b); (2) in refusing to give a proposed jury instruction regarding the charge of aiding and abetting; and (3) in applying a sentencing enhancement for possession of three or more firearms, which resulted in a procedurally unreasonable sentence. Upon our review, we affirm the district court's judgment.

I.

The charges against Cox stemmed from his participation in two incidents involving the sale of firearms to Selma Jerome, a police informant. These sales took place at Cox's workplace, a Texaco Express Lube in Smithfield, North Carolina (the Texaco), where Cox first met Jerome and informed him that Cox had drugs and firearms for sale.

On May 14, 2012, Jerome participated in a controlled purchase of a firearm at the Texaco (the May 14 incident). To

3

arrange the transaction, Cox placed a telephone call to Jerome, informing him that Cox had a firearm for sale. When Jerome arrived at the Texaco, Cox stated that Neville Ward would be bringing the gun. After about 30 minutes, Ward arrived with the firearm, which was wrapped in a towel. Because Jerome did not want to handle the gun, he asked Cox to get a "gym bag" from Jerome's car. Cox obtained the bag and went inside the Texaco where he and Ward cleaned the firearm. Cox later gave Jerome the bag containing the gun, and Jerome paid Cox $360.

On June 27, 2012, Jerome participated in another controlled purchase of a firearm involving Cox (the June 27 incident). Cox again placed a telephone call to Jerome to tell him that Cox had a firearm for sale. After Jerome agreed to purchase the firearm at the Texaco, Cox informed Jerome that Cox would not be present but that Ward would conduct the transaction. Jerome arrived at the Texaco where Ward gave him the firearm in exchange for $360. After Jerome paid Ward, Jerome placed a telephone call to Cox informing him that the transaction had been completed.

In August 2012, a grand jury returned a two-count indictment against Cox for his role in the May 14 and June 27 incidents, charging him with two counts of possession of a firearm by a convicted felon and of aiding and abetting Ward, a convicted felon, in the commission of the same offenses. Before Cox's trial, the government filed a notice of intent to present

4

evidence under Federal Rule of Evidence 404(b) relating to a third firearm transaction that occurred on May 21, 2012 (the May 21 incident).

At trial, over Cox's objection, the district court admitted evidence that about a week before the May 21 incident, Cox had asked Sherard Brunson, Cox's acquaintance, whether Brunson had a gun for sale. After Cox and Brunson engaged in several conversations regarding firearms, they agreed to sell a gun to Jerome on May 21.

Jerome initially planned to meet Brunson at a Wal-Mart parking lot to conduct the firearm sale, but the meeting was postponed when Brunson could not obtain the firearm. Later that day, Cox directed Brunson to meet Jerome and Cox at the Texaco to carry out the transaction. When Jerome arrived at the Texaco, Cox placed a telephone call to Brunson and directed him to park his car in a certain location. Jerome and Brunson entered the bathroom at the Texaco, where Brunson gave Jerome a gun in exchange for $350.

The district court gave the jury a limiting instruction relating to this evidence of the May 21 incident. The court told the jury that it could consider this evidence for purposes of evaluating Cox's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Additionally, the court informed the jury that it was not

permitted to consider evidence of the May 21 incident as evidence of Cox's general bad character or of his propensity to engage in criminal conduct.

At the close of trial, the district court considered the parties' proposed jury instructions. As relevant to this appeal, Cox submitted a jury instruction addressing certain proposed principles involving aiding and abetting, which the district court declined to give. The district court also repeated its cautionary instruction limiting the jury's consideration of the evidence relating to the May 21 incident.

After the jury found Cox guilty of both counts of possession of a firearm by a convicted felon and of aiding and abetting the commission of these offenses, the district court conducted the sentencing phase of trial. The probation officer who prepared the presentence report (PSR) recommended a total offense level of 24, which included a two-level enhancement for Cox's possession of three firearms, namely, one firearm during each of the May 14, May 21, and June 27 incidents. This enhancement was applied in accordance with United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(1)(A). Applying this enhancement and other sentencing factors, the probation officer recommended an advisory guidelines range of 63 to 78 months' imprisonment.

6

Based on the seriousness of Cox's criminal history and uncharged conduct involving marijuana distribution and possession of firearms in public places, the government requested that the district court sentence Cox to the statutory maximum of 120 months, a term of imprisonment well exceeding the recommended guidelines range. After considering the parties' arguments and Cox's personal statement to the court, the district court adopted the PSR's recommended guidelines range but concluded that an upward departure was warranted under U.S.S.G. §§ 5K2.21 and 4A1.3, based on uncharged conduct, the seriousness of Cox's criminal history, and the likelihood that Cox would commit other crimes. The court sentenced Cox to serve a term of 100 months in prison, and concluded that this sentence also was justified based on the factors set forth in 18 U.S.C. § 3553(a). Cox timely filed this appeal.

## II.

Cox presents three arguments on appeal. He challenges: (1) the admission of evidence under Rule 404(b) regarding the May 21 incident; (2) the rejection of his proposed jury instruction on aiding and abetting; and (3) the procedural reasonableness of his sentence. We address these arguments in turn.

7

Cox first asserts that the district court abused its discretion under Rule 404(b) in admitting evidence regarding the May 21 incident, because such evidence was neither relevant nor necessary to prove that he possessed firearms during the charged incidents of May 14 and June 27. According to Cox, the challenged evidence failed to show that he actually or constructively possessed the gun during the May 21 incident, and, instead, impermissibly showed that he had a general propensity to commit "bad acts." Cox also argues that this evidence should have been excluded as being unfairly prejudicial under Rule 403. We disagree with Cox's arguments.

We review for abuse of discretion a district court's admission of evidence under Rule 404(b). United States v. McBride, 676 F.3d 385, 395 (4th Cir. 2012); United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010); United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Rule 404(b)(1) does not permit "the admission of evidence of other wrongs or acts solely to prove a defendant's bad character." Lighty, 616 F.3d at 351. However, such evidence is admissible when introduced for another purpose, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. (quoting Fed. R. Evid. 404(b)(2)) (emphasis added).

We have explained that Rule 404(b) allows for admission of evidence regarding uncharged "bad acts" if the evidence is "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable."[1]  Id. at 352 (citation and internal quotation marks omitted).  Additionally, the probative value of the challenged evidence cannot be substantially outweighed by the "unfair prejudice" that would result from admission of the evidence.  Id. (citing Fed. R. Evid. 403).

In the present case, the government bore the burden of proving that Cox knowingly possessed the firearms during the May 14 and June 27 incidents.  Although evidence relating to the May 21 incident did not show whether Cox possessed a firearm on May 14 and June 27, the challenged evidence was relevant and necessary in establishing the element of knowledge.

When considered in the context of the other evidence, the evidence concerning the May 21 incident was relevant to show that Cox actively and knowingly participated in a pattern of procuring, possessing, and selling firearms.  In the days before the May 21 incident, Cox questioned Brunson about whether he had

---

[1]  In the present case, Cox addresses only the issues of relevance and necessity.  He does not challenge the reliability of the testimony given by Jerome and Brunson regarding the May 21 incident.

a firearm for sale. Cox directly was involved in arranging for Brunson to sell Jerome a firearm at Cox's workplace when Cox would be present at that location. Cox's conduct included discussing the price of the firearm with Brunson and Jerome, as well as directing Brunson where to park his vehicle at the Texaco.

The timing of the three firearm transactions further demonstrates the relevance of the May 21 incident. Over the course of only six weeks, Cox participated in three firearm sales at his workplace. The May 21 incident occurred one week after the first charged offense and four weeks before the second charged offense, supporting the district court's conclusion that the May 21 incident was related sufficiently to the charged offenses for purposes of Rule 404(b). See United States v. Johnson, 617 F.3d 286, 297 (4th Cir. 2010) (explaining that the closer a prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance).

Evidence regarding the May 21 incident also was necessary to show that Cox knowingly possessed a firearm on May 14 and June 27. During Cox's opening argument to the jury, he contended that his involvement in the charged firearm transactions was limited to introducing Jerome, a Texaco customer who wanted to purchase a firearm, to Ward. By suggesting that he was an innocent "matchmaker," Cox placed in

10

dispute the issue whether he knowingly possessed a firearm on May 14 and June 27. The government's evidence regarding the May 21 incident, including testimony from both the buyer and the seller regarding Cox's active role in the transaction, directly refuted Cox's "innocent matchmaker theory" and established Cox's knowing participation in the acts charged in the indictment. Therefore, we conclude that the evidence concerning the May 21 incident was both relevant and necessary to proving the knowledge element of the charged offenses. See Lighty, 616 F.3d at 352.

We further conclude that, in view of the limiting instruction provided by the district court, the evidence of the May 21 incident was not unduly prejudicial under Rule 403. See Queen, 132 F.3d at 997 (explaining that when a judge gives a 404(b) limiting instruction and when the defendant is properly notified of the government's intent to admit evidence under Rule 404(b), fear of prejudice subsides). The jury was instructed in very clear terms that it was not permitted to consider the evidence of the May 21 incident as showing Cox's propensity to commit criminal acts or his general bad character. Also, the district court properly explained that the evidence only could be considered for limited purposes, including proving whether Cox knowingly participated in the criminal acts charged in the indictment. Accordingly, we hold that the district court did

11

not abuse its discretion in admitting evidence relating to the May 21 incident.

                                    B.

Cox next asserts that the district court erred in instructing the jury with respect to the charge that he aided and abetted Ward in the knowing possession of a firearm by a felon. Cox primarily focuses on the court's failure to give a proposed instruction that would have required the jury to find that Cox had actual knowledge of Ward's status as a convicted felon. However, after examining the present record and applicable authority, we conclude that Cox did not preserve this issue for appeal.

Under Federal Rule of Criminal Procedure 30(d), a defendant who disagrees with any jury instruction, or the district court's failure to give a proposed instruction, must inform the court of the grounds for objection before jury deliberations begin. When a defendant has failed to object in accordance with this Rule, his argument on appeal is subject to plain error review. See Fed. R. Crim. P. 30(d); United States v. Nicolaou, 180 F.3d 565, 569 (4th Cir. 1999).

In the present case, after denying Cox's proposed instruction requiring that the jury find he actually knew Ward was a convicted felon, the district court instructed the jury more generally. The instruction given by the court stated that

                                    12

to convict Cox of aiding and abetting under Section 922(g), the government must establish that Cox (1) "knew that the crime charged was to be committed or was being committed;" (2) "knowingly did some act for the purpose of aiding or encouraging the commission of [the] crime;" and (3) "acted with the intention of causing the crime charged to be committed." Cox did not object to this instruction, nor did he object to the court's failure to give his proposed instruction. We therefore review for plain error Cox's challenge to the district court's failure to give his proposed jury instruction.

To establish plain error, a defendant must show (1) that the district court committed an "error" (2) that was "plain," and that (3) the error affected the defendant's substantial rights, impacting the outcome of his trial.[2] United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Woods, 710 F.3d 195, 202 (4th Cir. 2013) (citation omitted). "An error is plain 'if the settled law of the Supreme Court or this circuit establishes that an error has occurred.'" United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (quoting United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002)); see also

---

[2] If the defendant establishes these elements, "we may nevertheless decline to notice the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Woods, 710 F.3d 195, 202 (4th Cir. 2013) (citation and internal quotation marks omitted).

13

United States v. Wynn, 684 F.3d 473, 480 (4th Cir. 2012) (holding that any error was not plain when this court had never addressed the issue, and other circuits are split on the issue).

Neither this Court nor the Supreme Court has addressed the issue whether the government must prove that a defendant charged with aiding and abetting under Section 922(g) was aware that the principal actor is a convicted felon. Additionally, our sister circuits are not in accord on this issue. Compare United States v. Gardner, 488 F.3d 700, 716 (6th Cir. 2007) (requiring the government to establish the defendant "knew or had cause to know of" the principal's status as a felon), and United States v. Xavier, 2 F.3d 1281, 1286-87 (3d Cir. 1993) (requiring the government to establish the defendant "knew or had cause to believe" the principal was a convicted felon), with United States v. Canon, 993 F.2d 1439, 1442 (9th Cir. 1993) (stating that the government did not have to prove that the alleged aider and abettor knew the principal was a felon).

In the absence of controlling precedent and in view of the inconsistent holdings of other circuits, we cannot conclude that any error in failing to grant Cox's requested instruction was plain. See Carthorne, 726 F.3d at 516; Wynn, 684 F.3d at 480. Accordingly, we hold that the district court did not plainly err in instructing the jury on the charges of aiding and abetting.

14

C.

Cox also argues that his sentence is procedurally unreasonable, because there was insufficient evidence to support application of the enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for possession of three or more firearms during the May 14, May 21, and June 27 incidents. According to Cox, the evidence failed to show that he possessed a gun at any point during the May 21 incident when Brunson sold a gun to Jerome.

In response, the government contends that any error in applying this enhancement was harmless, because the district court nonetheless would have imposed the same sentence based on the factors in 18 U.S.C. § 3553(a). We agree with the government's contention.

When reviewing a district court's imposition of sentence, we apply a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). As a matter of procedure, a district court must begin its sentencing proceeding with a correct calculation of the applicable guidelines range. Id. If the court commits procedural error, such error is harmless when (1) the district court would have imposed the same sentence absent the procedural error, and (2) the sentence imposed is reasonable. United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir. 2011).

15

At the sentencing hearing, the district court provided two independent bases for imposing a sentence of 100 months' imprisonment, which sentence was higher than the advisory guidelines sentencing range of 63 to 78 months. First, the court adopted the government's argument that a departure sentence was warranted based on Cox's uncharged criminal conduct, the seriousness of Cox's criminal history, and the likelihood that Cox would commit other crimes. Second, the court stated in the alternative that it would impose a variant sentence of 100 months based on the factors listed in Section 3553(a). In accordance with these factors, the court considered Cox's criminal history and addressed his dangerousness, his likelihood to commit future crimes, his unwillingness to take responsibility for his actions, and his lack of respect for the law. See 18 U.S.C. § 3553(a). The court held that based on these considerations, as well as Cox's particularly self-serving allocution, a sentence of 100 months was appropriate but "not greater than necessary" under Section 3553(a).

In view of this analysis under Section 3553(a), we conclude that the district court demonstrated reasoned decision-making and applied the statutory sentencing factors to the particular circumstances of Cox's case. Accordingly, even if we assume, without deciding, that the district court erred in applying the challenged sentencing enhancement, we hold that the district

16

court reasonably imposed the same sentence under Section 3553(a), and that, therefore, any error in determining Cox's guidelines range was harmless. See Savillon-Matute, 636 F.3d at 123-24.

## III.

For these reasons, we affirm the district court's judgment.

AFFIRMED